[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: "THE SAME FELONY"
I. Procedural History
The state, pursuant to Section 53a-46a of the General Statutes, has filed notice of three alleged aggravating factors it claims warrants the death penalty in this matter. The first such factor alleged, pursuant to Section 53a-46a(h)(1), states, in substance, that the murder of the officer was committed during the attempted commission of a felony, and the defendant had previously been convicted of "the same felony." Subsequent responses by the state to motions by the defendant for more specific information indicate the state's intention to prove that the prior felony was, in fact, a New York state felony, Sale of a ControlledSubstance in the Fourth Degree, and that the felony allegedly attempted at the time of the murder was a Connecticut state felony,Section 21a-277(a) of the General Statutes.
By motion dated December 28, 1994, the defendant moved to dismiss the first aggravating factor alleged, principally, based upon the claim that a prior conviction for a New York state offense cannot, as a matter of law, constitute the "same felony." Briefs were filed by both sides and argument was heard on this issue which was ultimately resolved in favor of the state, and which resolution this court seeks to further articulate through this memorandum. CT Page 4782
II. LAW AND ANALYSIS
Defendant argues that the language of Section 53-46a(h)(1)
is plain and unambiguous and, under our rules of statutory construction, requires this court to find that the term "the same felony" means just that; ie., the identically, same felony. It necessarily follows, defendant argues, that a New York state felony, with its various degrees of narcotic violations, cannot be "the same felony" as a Connecticut state felony.
There is no question that our rules of statutory construction begin with the maxim which states that where the language of the statute is plain and unambiguous its meaning must stand. University of Connecticut v. Freedom of InformationCommission, 217 Conn. 322, 328 (1991). Nor can one dispute the fact that the standard dictionary definition of "same" is "identical to" and "not different." However, if this court were to consider the term "the same felony" with only these concepts in mind in the context of Section 53a-46a(h)(1), it could easily be led into the depths of the absurd. Inflexible adherence to the dictionary definition of "same" would mean that, not only would the felonies necessarily have to be the same in terms of state and title, but, also in terms of underlying circumstances, time, place, and, perhaps, even victim. ". . . the rule of strict construction does not require that the narrowest technical meaning be given to the words employed in a criminal statute in disregard of their context and in frustration of the obvious legislative intent." (Citations omitted; internal quotation marks omitted.) State v. Gaines,36 Conn. App. 454, 459 (1994).
One might argue that by urging that the term "the same felony" be limited to the same Connecticut state felony, that it is the defendant that seeks to impose a restrictive interpretation or "gloss" upon a term that imposes no such limitation. Defendant's interpretation would not only exclude felony convictions from other states, but also federal felony convictions from Connecticut.
The real concern is, of course, to determine the rational, common sense, meaning of the term "the same felony," consistent with the legislative intent and policy behind the statute. To what extent, and in what manner must the felonies be "the same?" CT Page 4783
"Although we must look to the language of the statute to determine legislative intent, if the meaning is not evident, we may employ additional sources of statutory construction." (Citations omitted.) Pollio v. Planning Commission, 232 Conn. 44,50 (1995). "In construing a statute, common sense must be used and the courts will assume that the legislature intended to accomplish a reasonable and rational result. . . A statute . . . should not be interpreted to thwart its purpose." (Citations omitted; internal quotation marks omitted.) Conaci v. HartfordHospital, 36 Conn. App. 298, 301 (1994).
In the context of this first aggravating factor, the meaning of the term in question is not evident, nor does the legislative history of the death penalty statute provide much guidance to the court in this regard. What is clear from a reading of this aggravating factor as a whole, is the legislative policy behind its enactment.
"Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; emphasis added; internal quotation marks omitted) Gonzales v. West Haven, 232 Conn. 17, 21 (1995).
Common sense dictates that this first statutory factor was designed to penalize a defendant with the possible imposition of the death penalty, who commits murder while in the process of committing the same serious offense for which he had previously been punished; ie., he persists in the same conduct unaffected by any prior adjudication, but this time takes a life in the process; the ultimate defiance of the criminal justice system, worthy of the ultimate penalty. This being the case, can it be rationally suggested that the same legislators that designed this factor would care which side of an arbitrary state boundary line the defendant was on at the time of the previous felony; which authority, state or federal, charged the defendant for the prior conduct; or what the same substantive conduct was entitled? To put this in its "starkest" terms, let's assume a prior conviction for murder in another state, and the murder of a police officer while attempting the murder of a third person CT Page 4784 in this state. Would it matter if the prior murder occurred in Massachusetts, or that was it was called Murder in the First Degree rather than Murder? Defendant's interpretation of the term "the same felony" would utterly frustrate the legislative policy behind this first statutory aggravating factor.
The only rational definition of the term "the same felony" in the context of this factor, is a felony having substantially the same essential elements as the felony which was the object of the attempt. This would be consistent with the test applied by our Supreme and Appellate courts on innumerable occasions in determining whether or not offenses are "the same" for double jeopardy purposes. These courts have continuously applied the test first promulgated in Blockburger v. United States, 284 U.S. 299,52 S.Ct. 180, 76 L.Ed.2d 306 (1932).
Pursuant to Blockburger, the test for determining whether one offense is the same as another is whether each contains the same elements as the other. If one offense requires proof of an element the other does not, then it is not the same offense. Element, as used in this analysis, ". . . means any fact that the legislature has deemed essential to the commission of the crime." (Internal quotation marks omitted.) State v. Roy,34 Conn. App. 751, 769 (1994).
Our persistent offender statute, Section 53a-40 of theGeneral Statutes, which seeks to penalize persons who stand convicted of the same offense for which they had previously been convicted, speaks in terms of ". . . crimes the essential elements of which are substantially the same as any of the crimes enumerated. . ."
Our pretrial alcohol education system, Section 54-56g,
excludes persons convicted of the same offense as certain enumerated state offenses, and addresses their similarities in terms of ". . . an offense the essential elements of which are substantially the same. . ."
Section 45a-446 of the General Statutes, dealing with persons convicted of killing another who seek to inherit property or proceeds as beneficiary of the victim, excludes persons convicted of any crime in any jurisdiction ". . . the essential elements of which are substantially similar to such crime. . ." CT Page 4785
All these authorities share a common intent to define the quality of "sameness" of offenses. Consistently, this quality is defined in terms of the substantial similarity of the essential elements. This court is not aware of any circumstance, in our law, where this quality is defined in the manner suggested by the defendant. Thus, defining "the same offense" in this case, as an offense having substantially the same essential elements, is reasonable, consistent with Connecticut authorities; and, more importantly, consistent with the legislative policy behind the first aggravating factor.
Defendant argues that the legislature has, in the past, shown itself to be quite capable of including offenses from other jurisdictions in it's criminal statutes through plain, specific language when it has chosen to do so. In fact, defendant notes, the legislature did so in it's articulation of the second statutory aggravating factor; where, pursuant toSection 53a-46(h)(2), an aggravating factor exists if the defendant has, at least, twice previously, been convicted of felonies involving the infliction of "serious bodily injury." In specific language the legislature noted that the convictions could be either state convictions, federal convictions, or both. Of course, in the same section it further specified that the convictions had to involve "offenses for each of which a penalty of more than one year imprisonment may be imposed," instead of simply using the word "felony" as it had in the language of the first factor; an obvious instance of being unnecessarily specific given the immediately preceding usage. In any event, defendant's argument constitutes a "two-edged sword." Since the legislature is obviously capable of including other state and federal jurisdictions when it chooses to do so, it's certainly capable of excluding other jurisdictions if it chooses to do so; in this case, by simply referring, in Section 53a-46a(h)(1), to "the same Connecticut state felony." It did not do so, because there is simply no logical reason for such a limitation, given the policy behind the statute. It would be speculative to try to explain the legislature's specificity in one section as opposed to another; but it would be ridiculous to read into this specificity an intent with respect to the first aggravating factor which would frustrate the obvious policy behind that factor.
III. Conclusion CT Page 4786
Based on the foregoing, this court concludes that the term "the same felony" as contained in Section 53a-46a(h)(1) of theGeneral Statutes is not limited to Connecticut state felonies.
/s/ West, J. WEST
/s/ Fasano, J. FASANO