LUCILLE GONSALVES *v.* CITY OF WEST HAVEN ET AL.
(15022)

PETERS, C. J., and BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued October 25, 1994—decision released January 31, 1995

18

*Jeremy G. Zimmermann*, with whom, on the brief, was *Jennifer S. Aniskovich*, for the appellant (plaintiff).

*Henry C. Szadkowski*, assistant corporation counsel, with whom, on the brief, was *Charles A. Graham*, corporation counsel, for the appellees (named defendant et al.).

*Paul J. Dorsi*, with whom were *Eugene J. Dorsi* and *Louis Smith Votto*, for the appellee (defendant Anne Gonsalves).

*Bradford J. Rieger*, with whom, on the brief, was *Kimberly Simon*, for the appellee (defendant Edward Connelly).

PALMER, J. This case requires us to decide whether the plaintiff, Lucille Gonsalves, is entitled to benefits under the police pension fund[1] of the named defendant, the city of West Haven, as a consequence of her marriage to the decedent, Luis J. Gonsalves, a former member of the West Haven police department. The plaintiff applied to the defendant West Haven police

---

[1] The police pension fund, known as the police relief fund, has its origin in the police relief fund established for the town of Orange in 1917 by special act of the legislature. 17 Spec. Acts 882, No. 180 (1917). In 1921, the town of Orange was divided into the towns of Orange and West Haven, and the provisions of the 1917 act were made applicable to West Haven. 18 Spec. Acts 1067, No. 482 (1921). The legislature has amended the act on several occasions, two of which are relevant to this case: the 1937 amendment, which authorized the award of widow's benefits; 22 Spec. Acts 645, No. 162, § 2 (1937); see *Wilson* v. *West Haven*, 142 Conn. 646, 651–53, 116 A.2d 420 (1955) (setting forth legislative history of act); and the 1961 amendment, which is the subject of this appeal. 30 Spec. Acts 211, No. 275, § 1 (1961).

pension board (pension board) for benefits under the fund. The pension board denied the application, concluding that the plaintiff is not a "widow" as defined by the special act (act)[2] establishing the fund's eligibility criteria. The plaintiff thereupon commenced this action,[3] seeking a declaratory judgment that she is entitled to benefits under the act. The trial court concluded that the plaintiff is not entitled to benefits and rendered judgment in favor of the defendants. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The facts are undisputed. The decedent married his first wife, Anne, in 1956. In 1963, the decedent was appointed to serve as a police officer for the city of West Haven, a position he held until May 6, 1977, when he retired due to a disability.[4] Approximately one month

_____

[2] The pertinent amendment to the act; 30 Spec. Acts 211, No. 275, § 1 (1961); provides in relevant part: "Upon the death of any member of the police department who has actually contributed to [the police] relief fund [of the town of West Haven] . . . the widow of such member shall receive, until her death or remarriage, out of said fund of said department, a monthly sum equal to one-half of the compensation received by such member at the time of his death, if in active service, provided such widow shall receive no less than two thousand dollars per annum, or a monthly sum equal to one-half of the pension received by such member at the time of his death, if retired, provided such widow shall receive no less than one thousand dollars per annum. . . . The term 'widow', as used in this section, shall be limited in its meaning to the surviving wife of such member who was living with him at the time of his death, or, if not so living with him, was absent by reason of his fault, and who, if such member was retired, was married to him prior to his retirement from such department. . . ."

[3] Also named as defendants were police pension board members Joseph Borelli, Gregory Mondo, Louis D'Onofrio, Alex Botte, Genevieve Canny and Edward Connelly, the West Haven board of police commissioners, and Anne Gonsalves, the decedent's first wife. All are parties to this appeal, as well.

[4] The decedent had contributed to the police pension fund during his tenure as a police officer as required by the act.

after his retirement, the decedent and Anne Gonsalves were divorced, and on September 3, 1977, the decedent married the plaintiff. The decedent died on September 30, 1990.

Following his death, Anne Gonsalves and the plaintiff each applied to the pension board for widow's benefits[5] under the pension fund. On October 30, 1990, the pension board voted to award benefits to Anne Gonsalves and to deny the plaintiff's application. Thereafter, upon the plaintiff's request for reconsideration, the pension board affirmed its decision. The plaintiff then brought this declaratory judgment action,[6] claiming that she alone is entitled to widow's benefits under the act.[7] The parties stipulated to the relevant facts, and also agreed that the plaintiff's eligibility for benefits depends upon whether she is a "widow" as that term is defined by the act.

The trial court concluded that the act unambiguously limits the class of widows of department members entitled to benefits to those surviving wives who (1) were living with a department member at the time of his death, or, if not so living with him, were absent by reason of the member's fault, *and* (2) were married to the department member at the time of his retirement. Applying this test, the trial court concluded that the plaintiff is not eligible for widow's benefits because she was not married to the decedent at the time of his retirement.[8]

---

[5] We note that the act is antiquated insofar as it purports to provide pension benefits only to certain surviving spouses of *male* department members. See footnote 2. This case, however, raises no issue concerning the act's failure to provide pension benefits for widowers of department members.

[6] The plaintiff also sought damages and injunctive relief.

[7] The plaintiff also relies on the charter of the city of West Haven and the manual of the West Haven department of police service, both of which set forth the pension fund's eligibility requirements in language identical to that of the act.

[8] The trial court declined, however, to adjudicate the pension rights of the defendant Anne Gonsalves, explaining as follows: "The Court notes

The plaintiff contends that the trial court misconstrued the act's definition of the term "widow." Under the construction urged by the plaintiff, a surviving wife of a department member would be entitled to benefits upon proof *either* that (1) she was living with the decedent at the time of his death, *or* (2) if not so living with him, was absent by reason of his fault, *and* was married to him prior to his retirement. The plaintiff claims that because she is a surviving wife of the decedent who was living with him at the time of his death, she satisfies the first prong of the test and, accordingly, is entitled to widow's benefits. We conclude that the trial court properly determined that the plaintiff is not a "widow" as defined by the act.

Our analysis of the plaintiff's claim is guided by well established principles of statutory construction. " 'Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.' " (Citation omitted.) *Fleming* v. *Garnett*, 231 Conn. 77, 91–92, 646 A.2d 1308 (1994); *State* v. *Metz*, 230 Conn. 400, 409, 645 A.2d 965 (1994); see also *Carpenteri-Waddington, Inc.* v. *Commissioner of Revenue Services*, 231 Conn. 355, 362, 650 A.2d 147 (1994).

that [the] prayer for relief in paragraph three of [the] plaintiff's amended complaint dated October 5, 1993, requests the Court to determine Anne Gonsalves' entitlement to [benefits under the act]. In view of the fact that [the plaintiff] has no [right] to [widow's benefits,] and in view of the fact that all parties required under [Practice Book § 390 (d)] for a determination of [the] rights of persons other than [the] plaintiff may not be before the Court, the Court, while finding no [right] to pension benefits in the plaintiff, makes no finding as to pension rights with respect to Anne Gonsalves." We need not address this issue because it has not been raised on appeal.

The plaintiff relies primarily on the language of the act's definition of "widow" to support her claim that she is entitled to benefits. The definition, however, read in the light of the ordinary rules of English grammar and sentence structure, compels a contrary conclusion. See *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 852, 633 A.2d 305 (1993).

Under the act, the term "widow" is "limited in its meaning to the surviving wife of [a department] member who was living with him at the time of his death, or, if not so living with him, was absent by reason of his fault, and who, if such member was retired, was married to him prior to his retirement from [the] department." The parties' disagreement over the proper construction of the definition centers upon their differing views as to which phrases and clauses[9] are connected by the coordinating conjunctions "and" and "or." The defendants contend that "and" connects a restrictive *clause* containing two predicate phrases ("who was living with him at the time of his death, or, if not so living with him, was absent by reason of his fault") with a second restrictive *clause* ("who, if such member was retired, was married to him prior to his retirement from such department"). This construction is consistent with the general rule of grammar that coordinating conjunctions are used to connect sentence elements of the same class.[10] Under the construction

---

[9] A clause is a sequence of related words, within a sentence, that has a subject and a predicate. A phrase is a sequence of grammatically related words without a subject and a predicate. See J. Hodges, M. Whitten, W. Horner, S. Webb & R. Miller, Harbrace College Handbook (11th Ed. 1990) pp. 554, 568.

[10] "As their name suggests, [coordinating] conjunctions are normally used to connect sentence elements of the same grammatical class—for instance, nouns with nouns, adverbs with adverbs, phrases with phrases, clauses with clauses." P. Roberts, Understanding Grammar (1954) pp. 231–32; see also J. Hodges, M. Whitten, W. Horner, S. Webb & R. Miller, Harbrace College Handbook (11th Ed. 1990) p. 16.

urged by the plaintiff, however, this grammatical rule is violated, because "and" would connect a *clause* ("who was living with him at the time of his death") and a *phrase* ("if not so living with him, was absent by reason of his fault") with a *clause* ("who, if such member was retired, was married to him prior to his retirement from such department").

Similarly, under the defendants' construction, "or" connects sentence elements of the same class, namely, two predicate *phrases* ("was living with him at the time of his death" and "if not so living with him, was absent by reason of his fault"). Under the plaintiff's construction, however, "or" connects a *clause* ("who was living with him at the time of his death") with a *phrase* and a *clause* ("if not so living with him, was absent by reason of his fault" and "who, if such member was retired, was married to him prior to his retirement from such department"). Here again, the defendants' construction, in contrast to that urged by the plaintiff, comports with the rules of grammar.

The plaintiff does not disagree with the general rule that coordinating conjunctions are used to connect sentence elements of equal grammatical rank, but claims, rather, that her construction of the act is consistent with the rule. Specifically, she contends that the sequence "or, if not so living with him, was absent by reason of his fault," is a clause, not a phrase, and that the subject of the clause, "who," is implied or understood. The plaintiff, however, cites nothing in the act or in its history to support this assertion. Because we will not supply language to change the clear meaning of a statute in the absence of any indication that the legislature intended such a construction; see, e.g., *Kilpatrick* v. *Board of Education*, 206 Conn. 25, 28–29, 535 A.2d 1311 (1988); *McPadden* v. *Morris*, 126 Conn. 654, 13 A.2d 679 (1940); we reject the plaintiff's argument.

The plaintiff also contends that her interpretation finds support in the legislature's 1961 rephrasing of the definition of "widow," which, she argues, changed the meaning of the term.[11] We are not persuaded.

The plaintiff acknowledges that she would not have been entitled to benefits under the act's definition of the term "widow" prior to the enactment of the 1961 amendment. She claims, however, that the 1961 revision of the definition necessarily reflects a legislative intent to change the meaning of the term "widow." Although it is generally true that when the legislature amends the language of a statute, we presume "that it intended to change the meaning of the statute and to accomplish some purpose"; *State* v. *Johnson*, 227 Conn. 534, 543, 630 A.2d 1059 (1993); we have recognized also that the legislature may modify the phrasing of a statute solely to simplify or condense the statutory language, and not to effect a substantive change. See *Daly* v. *DelPonte*, 225 Conn. 499, 511, 624 A.2d 876 (1993); *Norwalk* v. *Daniele*, 143 Conn. 85, 87–89, 119 A.2d 732 (1955); *Bassett* v. *City Bank & Trust Co.*, 115 Conn. 393, 400–401, 161 A. 852 (1932). In revising the phraseology of the act's definition of the term "widow," the 1961 amendment made no material changes to its wording. Moreover, there is no indication in the amendment's legislative history that any change in the meaning of the term "widow" was intended. Indeed, there was no mention of the term or its definition in the committee hearings on the amendment; Conn. Joint Standing Committee Hear-

---

[11] The 1937 amendment, which authorized the award of benefits to surviving wives of department members, defined "widow" as follows: "The term 'widow', as used in this section, shall be limited in its meaning to the surviving wife of such member, who shall have been married to him prior to his retirement from such department, if retired, and who was living with him at the time of his death, or, if not so living with him, was absent by reason of his fault." 22 Spec. Acts 645, No. 162, § 2 (1937). The definition remained unchanged from 1937 until its revision under the 1961 amendment.

ings, Cities and Boroughs, Pt. 2, 1961 Sess., pp. 493–99; or in the brief discussion of the amendment on the floors of the House of Representatives; 9 H.R. Proc., Pt. 7, 1961 Sess., pp. 3089–90; and the Senate. 9 S. Proc., Pt. 8, 1961 Sess., p. 2788. Furthermore, for the reasons already discussed, application of the rules of grammar to the definition of "widow" contained in the 1961 amendment leads to the firm conclusion that the legislature did not intend to make any substantive changes in the act's eligibility requirements for surviving wives.[12]

Finally, the plaintiff contends that the definition of the term "widow," as construed by the trial court, is unfairly restrictive of the rights of surviving wives of department members to receive pension benefits. In

---

[12] The plaintiff also argues that her construction of the act is consistent with the provision of the 1961 amendment awarding certain minimum payments to widows otherwise eligible for pension benefits. See footnote 2. Specifically, she claims that the award of minimum benefits reflects a broad intent on the part of the legislature to treat surviving wives of department members more generously than in the past, and that it can be presumed, therefore, that the legislature, in revising the definition of "widow," also sought to liberalize the act's eligibility requirements. Neither the language of the 1961 amendment nor its legislative history, however, supports this claim. As we have explained, construction of the amendment in accordance with the rules of grammar compels the conclusion that the legislature intended no substantive change to the act's definition of "widow" in its 1961 revision. Furthermore, the legislative history of the amendment clearly indicates that its primary purpose was to provide for the award of minimum benefits to widows eligible for payments under the act. See 9 H.R. Proc., Pt. 7, 1961 Sess., p. 3089, remarks of Representative William T. Blake ("This bill amends the special act which set up the police relief fund in the Town of West Haven. It provides that minimum pensions will be paid."); 9 S. Proc., Pt. 8, 1961 Sess., p. 2788, remarks of Senator John F. Pickett, Jr. ("this bill would establish a minimum retirement amount for the persons who are pensioned under the Police Relief Fund under the terms of the West Haven Fund"). Indeed, the amendment's legislative history contains no mention of the term "widow" or its definition. Thus, there is no merit to the plaintiff's claim that the 1961 amendment reflects a general intent on the part of the legislature to enlarge the class of surviving wives eligible for benefits under the act.

particular, the plaintiff claims that limiting pension eligibility only to those surviving wives who were married to a department member prior to his retirement leads to an unfair result where, as here, the surviving wife married the department member shortly after his retirement and remained married to him until his death many years later. The act, however, reflects a policy determination by the legislature that benefits shall be awarded only to a surviving wife who, as a consequence of her marriage to a department member during some or all of his period of active duty, shared with him the dangers and difficulties attendant upon police work. Moreover, "this court is precluded from substituting its own ideas of what might be a wise provision in place of a clear expression of legislative will." *Penfield* v. *Jarvis*, 175 Conn. 463, 474–75, 399 A.2d 1280 (1978); see also *McPadden* v. *Morris*, supra, 126 Conn. 658–59 (wisdom of police relief act's unambiguous definition of term "widow" is not properly concern of court). Therefore, as we have previously concluded in construing the provisions of a police pension fund containing substantially similar eligibility requirements; see *Heise* v. *Hartford*, 127 Conn. 359, 17 A.2d 8 (1940) (widow of police officer not entitled to pension benefits unless she was married to him prior to his retirement and at time of his death); the fact that the plaintiff was not married to the decedent prior to his retirement from the department renders her ineligible for widow's benefits.

The judgment is affirmed.

In this opinion the other justices concurred.