TORI L. MCKEE *v.* JOANNE B. ERIKSON
(12730)

LAVERY, SCHALLER and SPEAR, Js.

Argued November 8, 1994—decision released March 7, 1995

*B. Paul Kaplan,* for the appellant (defendant).

*Martin M. Rutchik,* with whom was *Sharon Lee Gibbs,* for the appellee (plaintiff).

*Frank A. Bailey* and *Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

SPEAR, J. The defendant appeals from the judgment of the trial court that set aside the jury's verdict for the defendant and ordered a new trial. The defendant claims that the trial court improperly set aside the verdict because (1) he did not disobey the court's order in his closing argument with respect to the unreasonable speed of the plaintiff's vehicle and such argument had a sufficient basis in the evidence, and (2) the defendant's comments during closing argument were, under the circumstances, not so prejudicial as to deprive the plaintiff of a fair trial. We affirm the judgment of the trial court.

The following facts and claims of the parties are necessary for the resolution of this appeal. On April 10, 1988, vehicles operated by the plaintiff and the defendant collided at the intersection of Route 164 and a one-way two lane service road in Griswold. The defendant was traveling south on the service road and had a stop sign at the intersection. The plaintiff was traveling west on Route 164 and had no traffic control sign or signal. After stopping at the stop sign, the defendant entered the intersection to cross Route 164, and the collision occurred. A witness who was traveling behind the defendant's vehicle testified that the plaintiff's vehicle was moving "rather fast" and was traveling faster than the speed limit of thirty-five miles per hour. The plaintiff alleged that the collision was due to the negligence of the defendant by, inter alia, failing to stop at the stop sign and failing to yield the right-of-way. The defendant alleged that the plaintiff was traveling at an unreasonable and excessive rate

of speed under all of the circumstances and that the plaintiff in fact caused the accident and injuries through her own negligence. The plaintiff's vehicle left forty-four feet of skid marks on the roadway, but there was no expert testimony that extrapolated the speed of the plaintiff's vehicle from the length of the skid marks. The plaintiff presented medical evidence in support of her claim that she was injured as a result of the collision.

During closing argument, the defendant's attorney argued to the jury that the plaintiff was "suit happy" and was "looking for a hand out." He asked the jury, as people who had to "earn" their "wages," to "send a message" to "stop this type of conduct." He urged the jury not to reward the plaintiff "so that we won't have this type of activity."

The jury returned a verdict for the defendant. The plaintiff filed a motion to set aside the verdict, which was granted by the trial court and this appeal ensued.

Our standard of review, where the trial court's action on a motion to set aside a verdict is challenged, is whether the trial court clearly abused its discretion. *Labatt* v. *Grunewald*, 182 Conn. 236, 240, 438 A.2d 85 (1980). "Where, as in this case, the trial court disagrees with the verdict of the jury and there is an appeal . . . we review the action of the judge in setting the verdict aside rather than that of the jury in rendering it. . . . The decision to set aside a verdict is a matter within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion." (Citations omitted; internal quotation marks omitted.) *Lee* v. *Lee*, 171 Conn. 1, 2–3, 368 A.2d 11 (1976); see also *Palomba* v. *Gray*, 208 Conn. 21, 25, 543 A.2d 1331 (1988).

The court's action in setting aside a verdict is entitled to great weight because the trial judge can sense the

atmosphere of a trial and "can apprehend far better than this court, limited to a printed record, what factors, if any, could have improperly influenced the jury." *Fronczek* v. *Della Bitta-Bassola, Inc.*, 165 Conn. 102, 104, 328 A.2d 680 (1973). "Every reasonable presumption should be indulged in favor of the correctness of the trial court's decision to set aside the verdict because a trial court is in a better position than an appellate court to determine whether a jury's verdict was improperly influenced." *Caciopoli* v. *Acampora*, 30 Conn. App. 327, 330, 620 A.2d 191 (1993); *Brooks* v. *Singer*, 147 Conn. 719, 720, 158 A.2d 745 (1960).

I

The defendant first claims that he did not disobey the court's order with respect to testimony concerning the speed of the plaintiff's vehicle and, in any event, his argument as to the vehicle's speed had a sufficient basis in the evidence.

The trial court, in its memorandum of decision, found that the defense attorney *persisted* in "improper questioning and remarks concerning [the speed of the plaintiff's vehicle] after the court had directly ordered him to terminate this type of examination." The court found that the only evidence with respect to speed was the eyewitness' testimony that the plaintiff's vehicle "was moving rather fast" and that the witness "felt" that the plaintiff was going faster than thirty-five miles an hour, and the plaintiff's testimony that her speed was no more than thirty-five miles per hour, the posted speed limit. The trial court stated: "Since there was no expert testimony regarding speed, it was improper argument for counsel to tell the jury that they could determine speed on their own from skid marks and damage to vehicles. The comments of counsel regarding speed were flagrantly prejudicial to the plaintiff." The court stated in its memorandum of decision, with

respect to the issue of the vehicle's speed: "Further-more, after a recess that followed defense counsel's final argument, in the presence of the jury, he asked the court to instruct the jury that they should consider skid marks and the condition of the vehicles after the collision as evidence of speed."

We turn first to the court's statement that the defendant's request for a jury instruction was made in the presence of the jury. The defendant asserts that the transcript of the proceedings has been corrected to show that in fact that request for a jury instruction allowing the jury to consider skid marks and the con-dition of the vehicles as evidence of speed was made outside the presence of the jury. We accept the cor-rected transcript because the trial court granted the motion to correct the transcript to reflect the absence of the jury. We are, nevertheless, unpersuaded that that factual misstatement by the trial court, standing alone, invalidates the court's action in setting aside the ver-dict, especially in light of the trial court's statement that "any one" of the claimed instances of misconduct would "require the court to set aside the verdict."

The defendant mounts a two-pronged attack on the court's findings with respect to the issue of the vehi-cle's speed. First, he asserts that defense counsel did not persist in improper questioning or remarks in dero-gation of the court's rulings. Second, he asserts that the court's rulings regarding speed and expert testi-mony were legally incorrect. The excerpts from clos-ing argument that the defendant printed in his brief rebuts his first claim. After the plaintiff's attorney objected to defense counsel's argument with respect to the speed of the plaintiff's vehicle because there was "no testimony here that the impact to these cars and the damage demonstrated the speed in excess of thirty-five," the court stated, "That is correct." The defense attorney then stated: "The jury has been shown repeat-

edly there's forty-four feet of skid marks. I said the testimony of Mr. Michaud was over thirty-five miles an hour." After a brief colloquy between plaintiff's counsel and defense counsel, the court ruled: "Objection sustained. There has been no evidence by an expert accident reconstructionist as to speed based on skid marks and damage to vehicles. So objection sustained. Do not make that argument." Almost immediately thereafter, the defense counsel continued: "Thank you, Your Honor. There is forty-four feet of skid marks. You can consider these things which are normal common sense. Forty-four feet of skid marks before the impact. That's the evidence." This excerpt, printed by the defendant in support of his first contention, clearly shows that he did persist in arguing the skid mark evidence to the jury in derogation of the court's order. Because we conclude that the trial court did not abuse its discretion in setting aside the verdict because of the improper argument of defense counsel, it is not necessary to review the defendant's claim that he did not persist in improperly questioning witnesses as to speed.

With respect to his second contention, the defendant cites no authority for the proposition that a party may disregard a court's ruling and instructions as to evidence because he thinks that those rulings are incorrect. It is not necessary for us to determine whether in fact those rulings were incorrect because the trial court's memorandum of decision stated that the defendant's *disregard* of the court's order was part of the basis for setting aside the verdict. It is axiomatic that parties may not disregard a trial court's rulings because they disagree with those rulings. Rather, the parties must abide by the trial court's rulings and preserve those issues for appellate review. To allow a party to disregard the rulings of the trial court that it believes are legally incorrect would invite chaos, undermine the authority and ability of the trial court to conduct trials

in an orderly fashion, and would undermine the ability of an appellate court to review the trial court's action. The trial court did not abuse its discretion in basing its decision, in part, on the defendant's argument regarding the speed of the plaintiff's vehicle.

## II

The defendant also claims that counsel's comments during closing argument were, under the circumstances, not so prejudicial as to deprive the plaintiff of a fair trial.

It is undisputed that during closing argument counsel for the defendant said that the plaintiff was "suit happy" and was looking for a "hand out," that the jury should "send a message to the public by not granting or rewarding dollars to this plaintiff so that we won't have this type of activity." "We say this type of lawsuit must stop." "We say this type of conduct must stop." "All of you have wages. You have to earn them. Please do not award her any damages."

These comments in closing argument must be viewed in light of the lack of any evidence that the plaintiff's claim was fraudulent, that she was a person who had brought many lawsuits or that she was looking for a "hand out." These comments plus the statement that the jurors had to "earn" their wages must also be viewed in light of the evidence before the jury that the plaintiff was a recipient of state assistance. It is difficult to imagine how the defense argument could be construed as anything other than an appeal to the jury to decide the case based on passion or prejudice, especially in view of the continuing public discourse over the cost of public assistance and the amount and type of litigation in our courts. It is well settled that the parties to a jury trial have a constitutional right to have the jury decide the issues between them. *Young* v. *Data Switch Corp.*, 231 Conn. 95, 101, 646 A.2d 852 (1994);

*Donahue* v. *State*, 27 Conn. App. 135, 140, 604 A.2d 1331 (1992). It is equally well settled that appeals to passion and prejudice have no place in our jury system. See *American National Fire Ins. Co.* v. *Schuss*, 221 Conn. 768, 774, 607 A.2d 418 (1992); *A-G Foods, Inc.* v. *Pepperidge Farms, Inc.*, 216 Conn. 200, 206–207, 579 A.2d 69 (1990); *Bryar* v. *Wilson*, 152 Conn. 162, 164–65, 204 A.2d 831 (1964); *Creem* v. *Cicero*, 12 Conn. App. 607, 610, 533 A.2d 234 (1987).

We conclude that the trial court did not abuse its discretion in setting aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.