FANNIE WHITE *v.* ANNA EDMONDS ET AL.
(12936)
(13049)
(13050)

FOTI, LANDAU and HEIMAN, Js.

---

Argued February 16—decision released June 13, 1995

*Robert M. Fitzgerald,* with whom, on the brief, was *Arnold L. Beizer,* for the appellant-appellee (plaintiff).

*Thomas E. Stevens,* for the appellant-appellee (defendant Stamford housing authority).

*Noel R. Newman,* with whom was *Cheryl A. Carolan,* for the appellee (named defendant).

HEIMAN, J. In this negligence action, the plaintiff appeals from the judgment of the trial court rendered on a jury verdict in favor of the defendant Anna Edmonds (Appeal No. 12936) and from the granting of the defendant Stamford housing authority's motion to set aside the verdict against it (Appeal No. 13049). See General Statutes § 52-263.[1] On appeal, the plaintiff claims that the trial court improperly (1) instructed the jury on a landlord's duty to repair and (2) set aside the verdict against Stamford housing authority.[2]

The jury could have reasonably found the following facts. The plaintiff, an elderly woman, began leasing an apartment from Edmonds in 1970. In about 1984, the plaintiff became eligible for section 8 rental assistance[3]

---

[1] General Statutes § 52-263 provides in pertinent part that "if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict . . . ."

[2] The defendant Stamford housing authority appealed (Appeal No. 13050) from the trial court's order of a new trial issued after the court granted the housing authority's motion to set aside the verdict and denied its request for a verdict in its favor. Stamford Housing Authority was not aggrieved by the granting of its motion to set aside the verdict and is, therefore, not permitted to appeal under General Statutes § 52-263. A denial of a motion for a directed verdict or for judgment notwithstanding the verdict that results, not in a final judgment on the underlying verdict, but, as here, in an order for a new trial is not final for appeal purposes. See *Robbins* v. *Van Gilder*, 225 Conn. 238, 251, 622 A.2d 555 (1993). At oral argument, the housing authority conceded that a trial court judgment ordering a new trial is not final and appealable. Stamford housing authority's appeal is dismissed for lack of a final judgment.

[3] The section 8 rental assistance program is a state sponsored and federally funded program that provides financial assistance to eligible tenants to enable them to afford "decent, safe and sanitary rental accommodations . . . ." *Housing Authority* v. *Papandrea*, 222 Conn. 414, 417, 610 A.2d 637 (1992); see also 42 U.S.C. § 1437f (a); General Statutes § 8-38 et seq.

and Stamford housing authority[4] entered into a contract with Edmonds in which it agreed to pay to Edmonds the plaintiff's rental cost for the apartment.

In the early morning hours of July 23, 1987, a fire broke out in the plaintiff's apartment while the plaintiff was sleeping. The plaintiff suffered serious burns as a result of the fire and many of her personal belongings were destroyed.

The plaintiff instituted suit against the defendants Edmonds and Stamford housing authority, alleging that the fire was due to their negligence. In her complaint, the plaintiff alleged that Edmonds, as owner and landlord of the leased premises, breached her duty, inter alia, to inspect the interior of the plaintiff's apartment to ascertain unsafe conditions. The plaintiff further alleged that Stamford housing authority's negligence stemmed in part from its failure to inspect the premises properly pursuant to the requirements of the section 8 rental assistance program. Both defendants pleaded by way of special defense that the plaintiff was contributorily negligent in overloading the electrical outlets in the apartment through the overuse of extension cords.

On September 29, 1993, the jury returned a verdict for the defendant Edmonds against the plaintiff and for the plaintiff against Stamford housing authority. The jury further found the plaintiff to be comparatively negligent and reduced her award accordingly. Upon motion by Stamford housing authority, the trial court set aside the judgment against it and ordered a new trial on the basis of the finding that the plaintiff had failed to prove that the housing authority was properly notified of her claim. These appeals followed.

---

[4] Stamford housing authority is a public corporation created to administer the section 8 rental assistance program for the city of Stamford. See General Statutes § 8-40.

# I

The plaintiff first claims that the trial court improperly instructed the jury on a landlord's duty to discover and to repair defects in leased premises. Specifically, the plaintiff asserts that the trial court incorrectly stated that Edmonds had no responsibility to inspect the leased premises and to repair defects that did not exist at the time that the plaintiff first leased the apartment in 1970. We are not persuaded.

The following facts are necessary for the resolution of this issue. Upon completion of the evidence, the trial court instructed the jury as to the law applicable to the case before it. In instructing the jury on the responsibility of Edmonds,[5] the trial court stated that a land-

---

[5] The trial court's instructions on Edmonds' duty regarding the leased premises were as follows: "The plaintiff's counsel has indicated that [Edmonds] had the duty not only to maintain the apartment in a safe, sanitary and proper condition, decent and safe and sanitary, but had a duty to inspect the apartment. I think [counsel for the plaintiff] told you that the contract, at least between Anna Edmonds and [Stamford housing authority] provided for this. Maybe I missed it. I don't know, but there is nothing in the lease that says that . . . the defendant, Anna Edmonds, has the duty to inspect the premises. There is a provision there that says that she is to maintain the dwelling unit, equipment and appliances so as to provide decent, safe and sanitary housing in accordance with certain housing quality standards set forth in the federal regulations which you heard about here. It doesn't say anything about inspecting, inspection, but you'll have the lease agreement there. You look at it to your heart's content. I couldn't find it.

\* \* \*

"[U]nder the lease agreement, [Edmonds] did have to provide decent, safe and sanitary housing in accordance with the housing quality standards set forth in [C.F.R. § 882.109] . . . . I can't tell you that means she has a duty to inspect. I can't find anything in our law that requires that she inspect. She has the duty to maintain the unit to provide decent, safe and sanitary housing.

"Now, how is that duty spelled out? The plaintiff is a tenant under a lease. She has exclusive possession of the premises that she has leased. Ordinarily, the owner of a building owes no duty to keep and repair premises in which he leases to another, he or she. And the landlord turns over control

lord has no common law duty to inspect leased premises to determine whether a defect has arisen after the landlord has relinquished control. The trial court did, however, inform the jury that such a duty could be created contractually and that the jury would have before it the contract between Edmonds and the Stamford housing authority as well as the lease between Edmonds and the plaintiff. The jury was told that it was to review those documents to determine if such a duty was created.

The plaintiff excepted to the charge on the grounds that the contracts entered into by Edmonds required her to "maintain" the premises and that the jury should have been instructed that it was to determine as the trier of fact whether she breached that duty by failing to inspect the premises for defects. The trial court noted the plaintiff's exception.

Before addressing the merits of the plaintiff's claim, we note that the plaintiff did not move to set aside the verdict against her. "In order to have plenary review

of the premises to the tenant and normally divests himself or herself of liability for actions that occur on the premises. The tenant takes the demised premises as she finds them. The landlord is not liable for defective conditions within the demised area. The landlord may be liable for defective conditions existing at the beginning of the tenancy if she was chargeable with knowledge of them and they were not discoverable on a reasonable inspection by the tenant.

"Well, in considering this question, there [are] certain things that you ought to consider along with it. A landlord who turns over demised premises, premises that are leased to the exclusive possession of a tenant, ordinarily is not required to go in there and inspect and see if anything is wrong. If you can spell out some kind of agreement to repair, and maybe you can in this situation, that obligation only arises when you are told that, 'Hey, this is wrong. My faucet drips, this outlet doesn't work, and I'm not getting enough heat.' Whatever it is, you have to be told whatever is wrong. You don't have the obligation to go in there, I'll give you an absurd illustration, everyday and say, 'Hey, anything wrong here today? What can I do for you?' That's not a landlord's obligation when the landlord has given up control and leases certain premises which then are in the exclusive possession of the tenant."

on appeal, an appellant must file a timely motion to set aside the verdict. . . . [U]nless a motion to set aside a verdict is filed, appellate review is limited to ascertaining whether there has been plain error. . . . Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Citations omitted; internal quotation marks omitted.) *Preston* v. *Phelps Dodge Copper Products Co.*, 35 Conn. App. 850, 855, 647 A.2d 364 (1994); see also Practice Book § 4185; *Lynch* v. *Granby Holdings, Inc.*, 230 Conn. 95, 98, 644 A.2d 325 (1994).

We find no misstatement in the trial court's charge that is so egregious as to rise to the level of plain error. The trial court correctly instructed the jury that a landlord does not have a common law duty to inspect leased premises for defects unless the landlord has contracted to do so; see *Pollack* v. *Gampel*, 163 Conn. 462, 468, 313 A.2d 73 (1972); and that it was up to the jury to determine whether the contractual promise to "maintain" the premises was breached by a failure to inspect. As such, the trial court's instructions did not put the fairness and integrity of the judicial proceedings in doubt. See *Preston* v. *Phelps Dodge Copper Products Co.*, supra, 35 Conn. App. 855.

## II

The plaintiff next claims that the trial court improperly granted Stamford housing authority's motion to set aside the verdict. We agree with the plaintiff and reverse the judgment of the trial court.

The following facts are necessary for the resolution of this issue. On September 30, 1993, Stamford housing authority timely moved to set aside the judgment against it. See Practice Book § 320. In support of this motion, it alleged that the plaintiff had failed to intro-

duce evidence to prove that she had complied with the notice provisions of General Statutes § 8-67.[6] On November 8, 1993, the trial court granted Stamford housing authority's motion. In doing so, the trial court reasoned that the notice required under § 8-67 constitutes a condition subsequent to bringing an action that need not be anticipated and pleaded by the plaintiff. The trial court found, however, that having affirmatively pleaded that those notice requirements had been met, the plaintiff then bore the burden of proof on that issue. In the absence of any evidence of notice, the trial court concluded that the plaintiff had failed to meet her burden and set aside the judgment in her favor.

"Our standard of review, where the trial court's action on a motion to set aside a verdict is challenged, is whether the trial court clearly abused its discretion. . . . Where, as in this case, the trial court disagrees with the verdict of the jury and there is an appeal . . . we review the action of the judge in setting the verdict aside rather than that of the jury in rendering it. . . . The decision to set aside a verdict is a matter within the broad legal discretion of the trial court and it will not be disturbed unless there has been a clear abuse of that discretion." (Citations omitted; internal quotation marks omitted.) *McKee* v. *Erikson*, 37 Conn. App. 146, 148, 654 A.2d 1263 (1995); see also *Palomba* v. *Gray*, 208 Conn. 21, 25, 543 A.2d 1331 (1988).

We agree with the plaintiff that the trial court abused its discretion in granting Stamford housing authority's

[6] General Statutes § 8-67 provides: "Any person injured in person or property within boundaries of property owned or controlled by an authority, for which injury such authority is or may be liable, may bring an action within two years after the cause of action therefor arose to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the chairman or the secretary of the authority within six months after the cause of action therefor arose."

motion to set aside the verdict against it because compliance with the notice provisions of § 8-67 need not be proven by the plaintiff, even if pleaded, because such compliance is not an essential element of her cause of action against the defendant.

In *Manning* v. *Michael*, 188 Conn. 607, 615–16, 453 A.2d 1157 (1982), our Supreme Court held that a plaintiff need prove only those allegations in her complaint that are material to her cause of action. The fact that a plaintiff has pleaded facts in anticipation of negating a special defense does not shift the burden of proof to the plaintiff on that issue. Id. The burden of proving such facts rests on the plaintiff only if they go to the essential question of liability rather than to the issue of damages or recovery. Id.

Here, we conclude that compliance with the notice provisions of § 8-67 is not essential to a determination of liability, but concerns only whether the plaintiff has taken the proper steps to warrant recovery. Therefore, the plaintiff does not bear the burden of proving compliance with such provisions even though compliance was affirmatively pleaded in hopes of negating a possible special defense. Id., 615.

In arriving at this result, we are mindful of the well established principles of statutory construction. "Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *Gonsalves* v. *West Haven*, 232 Conn. 17, 21, 653 A.2d 156 (1995).

An examination of the language utilized by the legislature in enacting § 8-67 discloses no requirement that compliance with its notice provisions be a condition precedent to maintaining a cause of action against a housing authority. Section 8-67 provides only that "[a]ny person injured . . . within boundaries of property owned or controlled by an authority, for which injury such authority is or may be liable, may bring an action within two years after the cause of action therefor arose to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the chairman or the secretary of the authority within six months after the cause of action therefor arose." The time limitations and notice provisions act to limit ability to recover, as do typical statutes of limitations, but do not become essential elements of a plaintiff's cause of action against a housing authority for negligence. Compare General Statutes § 31-349 (b) (as condition precedent to liability, employer shall comply with enumerated notice provisions).

Our conclusion finds further support in the legislative history of § 8-67 as well as the "common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Gonsalves* v. *West Haven*, supra, 232 Conn. 21. Section 8-67 was enacted as No. 159 of the 1955 Public Acts, entitled "An Act Concerning Filing of Notice on Claims to Local Housing Authorities Receiving State or Federal Aid." The proponents of the bill in both the house and senate stated that the purpose of the bill was to require that a housing authority be promptly notified of claims against it and to provide housing authorities with the same rights to notice as municipalities themselves. See 6 H.R. Proc., Pt. 3, 1955 Sess., pp. 1245–46, remarks of Representative Benjamin M. Schlossbach; 6 S. Proc.,

Pt. 4, 1955 Sess., pp. 1044–45, remarks of Senator Arthur H. Healey and Senator Elmer S. Watson. The statute was not enacted to create a new cause of action, an element of which is compliance with the notice provisions set forth.

In addition, our case law has held notice provisions to be a condition precedent to a cause of action when the statute containing those provisions created a new cause of action previously unrecognized by the common law. *Warkentin* v. *Burns,* 223 Conn. 14, 17–18, 610 A.2d 1287 (1992); *Tedesco* v. *Dept. of Transportation,* 36 Conn. App. 211, 214, 650 A.2d 579 (1994). Such is not the case here. Section 8-67 did not create liability where none existed; rather, it provides for procedural limitations on the ability to recover on a cause of action already available. As such it is a condition subsequent to recovery that may be specially pleaded by a defendant to bar recovery.

Because the notice provisions of § 8-67 act as limitations on recovery and not on liability, the fact that the plaintiff pleaded compliance did not shift the burden of proof on that issue to her. See *Manning* v. *Michael,* supra, 188 Conn. 615–16. The plaintiff's failure to introduce evidence to prove compliance did not, therefore, mandate a verdict for the defendant and the trial court abused its discretion in setting aside the verdict of the jury in the plaintiff's favor. See *McKee* v. *Erikson,* supra, 37 Conn. App. 148.

On the plaintiff's appeals, the judgment is reversed only as to the granting of Stamford housing authority's motion to set aside the verdict, and the case is remanded with direction to reinstate the jury's verdict against the defendant Stamford housing authority and to render judgment in accordance with that verdict; the defendant Stamford housing authority's appeal is dismissed.

In this opinion the other judges concurred.