[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT 114.01
The plaintiff has brought this action against the defendant housing authority alleging that she sustained personal injuries on January 21, 1994 when she was caused to fall on an icy sidewalk which was under the control of the defendants.
The defendant has moved for summary judgment on the ground that the notice required by § 8-67 of the Connecticut General Statutes, erroneously described the area where the plaintiff fell and thus for that reason the action cannot be maintained.
"The standards governing . . . a motion for summary judgment are well established. Practice Book § 384 [now sec. 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . "(citations ommitted; internal quotation marks ommitted.) RiveraCT Page 14427v. Double A Transportation, Inc., 248 Conn. 21, 24 (1999) "In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the non moving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [oil material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
Sec. 8-67 provides as follows:
Any person injured in person or property within boundaries of property owned or controlled by an authority, for which injury such authority is or may be liable, may bring an action within two years after the cause of action therefor arose to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the chairman on the secretary of the authority within six months after the cause of action therefor arose.
In support of its motion for summary judgment, the defendant has submitted an affidavit of Devin Booth, an investigator hired by the defendant to investigate the claim of the plaintiff, the report of the plaintiffs investigator, the affidavit of one Willie Young of the Housing Authority, a diagram of the layout of the Elm Having Housing Development, numerous copies of photographs, and pages of the deposition transcript of the plaintiff.
From the documents submitted, it is clear that the plaintiffs fall occurred a substantial distance from the locations set forth in the notice. According to Willie Young the two locations are "several blocks away from one another." According to the plaintiff, she was a block away from home when she fell, which equates to a block from the location of her fall as set forth in the notice letter.
The plaintiff has produced no documentation in opposition so as to contradict the assertions of the defendant, but rather argues that it would place an unreasonable burden on the plaintiff to require the precision which the defendant contends is necessary to constitute legally sufficient notice under § 8-67. CT Page 14428
Sec. 8-67 is a condition subsequent to the bringing of an action such as this since it does not create a cause of action where none previously existed but rather provides for procedural limitations on the ability to recover on a cause of action already available. White v. Edmonds, 38 Conn. App. 175, 185
(1995). The purpose of 8-67 is to require that a housing authority be promptly notified of claims against it and thus have the same rights as municipalities in that regard. Id.
In considering the adequacy of notice pursuant to Connecticut General Statutes § 13a-144, in actions against the Commissioner of transportation, the Supreme Court has held that the purpose of notice is not only to alert the Commissioner to the occurrence of an accident and injury, but to also permit the gathering of information in the event of a lawsuit. Lussier v.Department of Transportation, 228 Conn. 343, 354 (1994). The purpose of notice is to furnish a reasonable guide in obtaining such information as he might deem helpful for his protection. Id.
"Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." Morico v. Cox,134 Conn. 218, 223 (1947).
However, before the trial court can submit the issue of the adequacy of the notice to the jury, it must determine as a matter of law whether it patently meets or fails to meet the statutory requirements. Zotta v. Burns, 8 Conn. App. 169, 173 (1986). In this case the situation is not one in which the description of the location of the fall is vague or imprecise, but rather, is completely inaccurate, leading the defendant's investigator to actually conduct an investigation in the wrong area. Affidavit of Devin Booth. Thus it is the court's opinion that on the basis of the facts in this case, the notice is patently inadequate because it is substantially incorrect. To hold otherwise would render the notice provision of § 8-67
meaningless. See Ozmun v. Burns, 18 Conn. App. 677 (1989).
Accordingly the defendant's motion for summary judgment is granted.
Bruce W. Thompson CT Page 14429
Judge of the Superior Court