[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
On September 8, 1999, the plaintiff, Mildred Fooks, filed a one count complaint against the defendant Norwich Housing Authority. The plaintiff alleges the following in her complaint. On or about September 7, 1997, CT Page 12755 the plaintiff was in an apartment at 67 Quarto Road, Norwich, Connecticut. This building was controlled, maintained and owned by the Norwich Housing Authority, a municipal housing authority. The plaintiff was on the second floor, walking toward the stairway when her foot became caught on a nail head protruding from the floor. As she fell she grabbed a stair railing on her right, but the railing gave way and the plaintiff fell down a flight of stairs sustaining multiple injuries. The plaintiff alleges that the defendant was negligent in failing to keep the stairway and its approaches in a reasonably safe condition, and requests monetary damages.
In its answer, the defendant alleges as a special defense, that the plaintiff's action is barred because of her failure to comply with the notice provision of General Statutes § 8-67. The defendant filed a motion for summary judgment on February 23, 2000 on the ground that "there exists no genuine issue as to any material fact and it is entitled to judgment as a matter of law. . . ." The defendant's attached memorandum argues that summary judgment should be granted because the plaintiff failed to provide proper notice pursuant to General Statutes § 8-67. On March 23, 2000, the plaintiff filed an objection to the motion, accompanied by a memorandum of law. The defendant filed a reply memorandum on April 24, 2000.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.' (Internal quotation marks omitted.) Hoskins v. Titan Value Equities Group, 252 Conn. 789,792, ___ A.2d ___ (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000).
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988); see CT Page 12756 also Kroll v. Sebastian, 58 Conn. App. 262, 265, ___ A.2d ___ (2000).
The defendant argues that General Statutes § 8-67[1] requires that a housing authority receive notice of any injury for which they may be liable, within six months of this injury. Such notice must be provided in writing to the chairman or secretary of a housing authority. The defendant argues that the plaintiff did not comply with this notice requirement, submitting affidavits and a copy of the plaintiff's untimely notice in support of its argument. The defendant argues that such a failure to comply is fatal to the plaintiff's action. The plaintiff argues that the defendant's affidavits and a copy of the plaintiff's untimely notice are not properly attested or certified and are improperly before the court. The plaintiff argues that this statute's notice provision is directory not mandatory, and that even if notice was required within six months, the plaintiff provided such notice orally and did not have to provide this notice in writing.
The plaintiff objects to the court's consideration of a February 24, 1999 letter from her counsel to the defendant. This letter provided the Norwich Housing Authority with written notice of the accident more than sixteen months after the accident. The plaintiff argues that this letter is uncertified and not supported by an affidavit attesting to its authenticity pursuant to Practice Book § 17-46.[2] The plaintiff also objects to the submission of the affidavits of Joanne M. Drag, director of finance of the Norwich Housing Authority, and Alfred Gonsalves, secretary of this housing authority, because neither Drag nor Gonsalves aver in their affidavits that their statements were made on personal knowledge.
With its reply memorandum, the defendant submitted new affidavits by Drag and Gonsalves containing the required statements asserting personal knowledge of the contents of their affidavits. Drag's new affidavit also attests to the accuracy of the attached copy of the letter sent by the plaintiff's counsel to the defendant. The defendant has resubmitted its evidence in compliance with Practice Book § 17-46, thus the court will consider these revised affidavits.
The plaintiff argues the written notice of intention prescribed by General Statutes § 8-67 is directory not mandatory. A directory statutory provision "is one which prescribes what shall be done but does not invalidate action upon a failure to comply." (Internal quotation marks omitted.) Lauer v. Zoning Commission, 246 Conn. 251, 262,716 A.2d 840 (1998). It is the plaintiff's opinion that providing notice is not a matter of substance, but is "designed to secure order, system and dispatch in the proceedings," and is therefore directory. (Internal quotation marks omitted.) Id. CT Page 12757
"When the words of a statute are clear and unambiguous, we assume that the words themselves express the legislature's intent and there is no need to look further for interpretive guidance." Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 310,592 A.2d 953 (1991). Proper statutory construction requires ascertaining and giving effect to the apparent intent of the legislature, using the words and legislative history of the statute. See Oxford Tire Suoply,Inc. v. Commissioner of Revenue Services, 253 Conn. 683, 690 ___ A.2d ___ (2000).
"The sufficiency of the notice is tested with reference to the purpose for which it is required." Bresnan v. Frankel, 224 Conn. 23, 25,615 A.2d 1040 (1992). Section 8-67 of the General Statutes requires the filing of written notice of the plaintiff's intention to commence her action, and of the time and place of her injury, within six months after the cause of action arose. The statute requires the plaintiff to provide such notice to the chairman or secretary of the housing authority. See General Statutes § 8-67. The legislative supporters of General Statutes § 8-67 "in both the house and senate stated that the purpose of the bill was to require that a housing authority be promptly notified of claims against it and to provide housing authorities with the same rights to notice as municipalities themselves." White v. Edmonds,38 Conn. App. 175, 184, 659 A.2d 748 (1995).
More generally, "[t]he purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." (Emphasis omitted; internal quotation marks omitted.) Martinv. Plainville, 240 Conn. 105, 112-13, 689 A.2d 1125 (1997). Several Superior Court decisions have held that notice does not have to rigidly comply with the provisions of General Statutes § 8-67 in order to comply with its intent. See Noney v. Housing Authority, Superior Court, judicial district of Waterbury, Docket No. 135885 (June 27, 1997,Leheny, J.); Sanders v. Housing Authority, Superior Court, judicial district of Waterbury, Docket No. 130542 (March 13, 1997, Fasano, 1.) (19 Conn.L.Rptr. 73, 74-5); Martinez v. Meriden, Superior Court, judicial district of New Haven at New Haven, Docket No. 365941 (November 6, 1995,Corradino, J.) (15 Conn.L.Rptr. 403, 404-05).
The plaintiff argues that the housing authority received notice of her injury when she provided personal notice to a "Laurie" of the Norwich Housing Authority concerning her fall and injuries. She argues that the CT Page 12758 conditions that had caused her fall were repaired within several months. These facts are disputed by the defendant in the three most recent affidavits it submitted, but even assuming that the plaintiff is correct, that she informed "Laurie" of her injury, providing oral notice of the accident to this employee of the housing authority does not comply with the intent of General Statutes § 8-67. See Noney v. HousingAuthority, supra, Superior Court, Docket No. 135885.
General Statutes § 8-67 requires notice to be filed with the chairman or the secretary of the authority. "[T]he significance of the requirement is that the Housing Authority should not be put in the position of having to search its entire records and interrogate employees to determine the existence of claims of this nature." Sanders v. HousingAuthority, supra, 19 Conn.L.Rptr. 75. In Sanders v. Housing Authority,
a written report of the accident, prepared the day after the accident by a Waterbury housing authority employee, was promptly forwarded to the authority's insurance carrier. The court found that a written report, even though it was not filed by the plaintiff, constituted written notice. Id., 74. Similarly, when this report was received by the insurance carrier, "the notice was received by the appropriate party entrusted with the responsibility of handling claims of this nature. . . ." Id., 75.
The affidavits of Drag and Gonsalves establish that neither party to whom notice should have been provided was informed of this accident, or of the plaintiff's intent to commence this action, until well after the statutory six month period for notice had expired. There is no evidence that any member of the authority wrote a report of this incident or that the authorities' insurance carrier was informed of the injury until well after six months had passed. Accordingly, the motion for summary judgment is granted because the plaintiff did not satisfy the explicit notice requirements or intent of General Statutes § 8-67.
Martin, J.