[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes before the court on the defendant's motion for Summary Judgment on the grounds of defective notice. The plaintiff brought a negligence action against the defendant Bridgeport Housing Authority. The plaintiff alleges that on the evening of August 18, 1998, she fell while walking outside of Building No. 1, Green Homes, Bridgeport Connecticut, a property owned and controlled by the defendant. She claims that her injuries were the result of the defendant's negligence in that it failed to adequately and properly maintain the property and provide lighting. She further alleges that the defendant failed to post signs warning the tenants and guests of the dangerous condition on the property, that it failed to take proper measures to remedy the defect and that the defendant knew or in the exercise of reasonable care should have known of these conditions.
The defendant filed a motion for summary judgment with supporting documents, including copy of the letter evidencing notice to the defendant as is required under General Statutes § 8-67, the original complaint dated August 4, 2000, the defendant's answer and special defenses, the plaintiff's amended complaint and portions of the plaintiff's deposition.
 DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary CT Page 11073 foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Citations omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut Inc. v. Washington,258 Conn. 553, 559-60, 783 A.2d 993 (2001). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969).
The defendant argues that the notice is defective because it failed to notify the defendant of the place and cause of the plaintiff's alleged injury. In opposition, the plaintiff argues that the plaintiff's alleged injury. In opposition, the plaintiff argues that the defendant is not entitled to summary judgment because § 8-67 is a limitation on recovery not a limitation on liability and that the adequacy of the notice is a question of fact for the jury.
Section 8-67 provides "Any person injured in person or property within boundaries of property owned or controlled by an authority, for which injury such authority is or may be liable, may bring an action within two years after the cause of action therefor arose to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the chairman or the secretary of the authority within six months after the cause of action therefor arose."
The notice provisions of § 8-67 concern whether the "plaintiff has taken proper the steps to warrant recovery." White v. Edmonds,38 Conn. App. 175, 183, 659 A.2d 748 (1995). Section 8-67 "provides for procedural limitations on the ability to recover on a cause of action already available." Id., 185. "[I]t is a condition subsequent to recovery that may be specially pleaded by a defendant to bar recovery." Id.
"Whether notice is sufficient is normally a question of fact for the jury. . . . The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading." (Citations omitted.) Bassin v. Stamford, 26 Conn. App. 534, 539, 602 A.2d 1044
(1992). "The purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the presentation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." (Internal quotation marks omitted.) Lussier v. Dept. of Transportation, CT Page 11074228 Conn. 343, 354, 636 A.2d 808 (1994). "[U]nless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." Id., 345.
In this case, the written notice that the plaintiff sent to the defendant's secretary provided that the plaintiff was injured on August 18, 1998, in the rear of Building No. 1 at 508 Harral Avenue in Bridgeport when she "fell down due to unlit stairway." (Defendant's Memorandum, Exhibit A.) In her amended complaint, the plaintiff alleges that that on August 18, 1998, she stepped into a hole walking outside of Building No. 1 and that inadequate lighting caused her to fall. (Complaint, ¶¶ 2, 3.) In her deposition, the plaintiff stated that she did not fall going up or down stairs, that she was not near a stairwell and that she fell outside of the building. (Defendant's Memorandum, Exhibit E, pp. 39, 54.) The question of whether or not this inconsistency between the notice and the plaintiff's complaint and her deposition testimony as to the exact cause of her fall is sufficient to deem the notice inadequate, thereby denying the plaintiff recovery, is a question of fact for the jury.
Accordingly, the defendant's motion for summary judgment is denied.
____________________ Gallagher, Judge CT Page 11075