GENEVIEVE A. FONTANELLA *v.* HOUSING
AUTHORITY OF THE TOWN
OF STAFFORD
(AC 29211)

Gruendel, Robinson and Pellegrino, Js.

Argued October 22—officially released December 9, 2008

---

*Donald J. McCarthy, Jr.*, for the appellant (plaintiff).

*Francis D. Paola*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Genevieve A. Fontanella, appeals from the trial court's rendering of summary judgment in favor of the defendant, the housing authority of the town of Stafford. On appeal, the plaintiff claims that there exists a genuine issue of material fact, which precludes summary judgment. We reverse the judgment of the trial court.

We base our decision on the following procedural history. The plaintiff's complaint alleged that on December 13, 2003, she was walking down an outdoor stairway owned and operated by the defendant when she slipped and fell on ice and snow. The plaintiff claims that as a result of the fall, she suffered fractures of her proximal humerus and other physical and emotional injuries.

On January 12, 2004, the plaintiff's attorney mailed a letter to the executive director of the defendant, John S. Hurchala, Jr., notifying the defendant of the plaintiff's intention to pursue a personal injury claim. The plaintiff thereafter filed a negligence action, seeking recovery for the injuries that resulted from the alleged fall.

As the case progressed, the defendant filed a motion for summary judgment pursuant to Practice Book § 17-49, asserting that there existed no genuine issue of material fact and that it was entitled to judgment as a matter of law. The defendant argued that the plaintiff failed to meet the statutory notice requirement set forth in General Statutes § 8-67, which is a prerequisite to

bringing suit.[1] That statute requires that a person injured on property owned or controlled by a municipality's housing authority must serve written notice of an intention to bring an action upon either the chairman or secretary of the authority. The court found that the plaintiff did not meet this notice requirement and rendered summary judgment in favor of the defendant. This appeal followed.

On appeal, the plaintiff claims that the notice requirement of § 8-67 was satisfied by the letter addressed to the defendant's executive director, Hurchala, and that at the very least, there is a genuine issue of material fact relating to whether the notice requirement was satisfied. We conclude that a dispositive genuine issue of material fact does exist and, therefore, reverse the judgment of the trial court.[2]

Summary judgment is appropriate "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[1] General Statutes § 8-67 provides: "Any person injured in person or property within boundaries of property owned or controlled by an authority, for which injury such authority is or may be liable, may bring an action within two years after the cause of action therefor arose to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been *filed with the chairman or the secretary of the authority* within six months after the cause of action therefor arose." (Emphasis added.)

We note that although the notice requirement of § 8-67 is a prerequisite to bringing suit, it is not a condition precedent. Rather, it is in the nature of a special defense that must be raised by the defendant. *White* v. *Edmonds*, 38 Conn. App. 175, 182–85, 659 A.2d 748 (1995).

[2] In concluding that there exists a genuine issue of material fact, we do not reach the other claims made by the plaintiff. These include: (1) that the defendant had actual notice of the plaintiff's intention to initiate suit, (2) that the defendant's executive director had the authority to accept the notice on behalf of the defendant, (3) that the purpose of the notice provision was satisfied and (4) that the plaintiff relied on the executive director's representation that notice should be served on him.

law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Stearns & Wheeler, LLC* v. *Kowalsky Bros., Inc.*, 289 Conn. 1, 7, 955 A.2d 538 (2008).

The material fact at issue in this case is the identity of the defendant's secretary. General Statutes § 8-41 (a) provides that a housing authority "may employ a secretary, who shall be executive director . . . ." Annexed to the defendant's motion for summary judgment is an affidavit from Laura L. Panciera, indicating that she "was the secretary of the Housing Authority of the Town of Stafford, CT" at the relevant time. The record also indicates, however, that Hurchala was the executive director at the relevant time. Because § 8-41 (a) indicates that the secretary and executive director shall be the same individual, the conflicting accounts result in a genuine issue of material fact regarding the identity of the statutory secretary. As a result, summary judgment was inappropriate in the present case.

The judgment is reversed and the case remanded for further proceedings.