### RONNIE FIELDS *v.* HOUSING AUTHORITY OF THE CITY OF STAMFORD
### (AC 19942)

Lavery, C. J., and Dranginis and O'Connell, Js.

Argued February 15—officially released June 5, 2001

*William B. Westcott*, for the appellant (plaintiff).

*Kevin M. Roche*, with whom were *John B. Farley*, and, on the brief, *Kathleen St. Onge*, for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Ronnie Fields, appeals from the summary judgment rendered in favor of the defendant, the housing authority of the city of Stamford (housing authority), for failure to give notice in accordance with General Statutes § 8-67. On appeal, the plaintiff claims that the trial court improperly granted the defendant's motion for summary judgment on the basis of his noncompliance with the notice provisions of § 8-67.[1] At issue is whether the defendant, which pleaded lack of notice under § 8-67 as a special defense, can

---

[1] General Statutes § 8-67 provides: "Any person injured in person or property within boundaries of property owned or controlled by an authority, for which injury such authority is or may be liable, may bring an action within two years after the cause of action therefor arose to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the chairman or the secretary of the authority within six months after the cause of action therefor arose."

prevail on a motion for summary judgment when the plaintiff, although he admitted that he had not complied literally with § 8-67, claims that notice to an employee of the defendant, and correspondence between the defendant's insurer and the plaintiff within the statutory notice period fulfill the statute's notice requirements. We affirm the judgment of the trial court.

The record discloses the following facts. The plaintiff alleged that on February 6, 1998, he slipped and fell on ice-covered steps on the defendant's property. On the same day, the plaintiff's fiancee, Brenda Wilson, called Monique Moye at the housing authority to notify her of the date, time and location of the incident. Moye directed Wilson to contact Michelle Anrig Baldino, an employee at another housing authority office, and Wilson informed Baldino of the incident. The plaintiff met with Baldino three days later and showed her treatment records from Stamford Hospital that were allegedly related to injuries arising from the incident. The plaintiff, however, did not fill out an incident report, nor did he send notice to the defendant of his intention to commence an action as set forth in § 8-67. Nevertheless, Peter Ranalli of AIG Claim Services, Inc., the defendant's insurance carrier, contacted the plaintiff, acknowledged his claims and sought more information.

On April 27, 1998, the plaintiff's attorney informed the insurance carrier that he represented the plaintiff in the plaintiff's claim for damages resulting from the fall. In a letter dated July 20, 1998, Ranalli acknowledged receipt of the letter of representation from the plaintiff's counsel. The plaintiff instituted an action in February, 1999. Thereafter, the defendant filed an answer asserting the special defense of noncompliance with § 8-67. Subsequently, the defendant filed a motion for summary judgment and submitted affidavits to the court, including one that stated that the housing authority had not received written notice of the plaintiff's

intention to commence an action.[2] The court rendered judgment in favor of the defendant after granting the motion on the ground that there was no dispute that the defendant had not received written notice as required under § 8-67. Additional facts and procedural history will be set forth as necessary.

The sole issue on appeal is whether the court improperly rendered a summary judgment in favor of the defendant on the ground that the plaintiff had failed to give the housing authority written notice of his intention to commence an action pursuant to § 8-67. "On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut,* 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). Because the court rendered judgment for the defendant as a matter of law, "our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Gateway Co.* v. *DiNoia,* 232 Conn. 223, 229, 654 A.2d 342 (1995). "On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.,* 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).

The plaintiff claims that he conveyed notice of his intention to commence an action against the defendant in a manner that was sufficient to satisfy the requirements of § 8-67. Although the defendant admits that the

---

[2] Under General Statutes § 8-41 (a), the executive director is the secretary of the housing authority.

plaintiff notified it of the incident, it claims that the notice was deficient for two reasons. First, the defendant claims that the plaintiff failed to notify the housing authority by proper written notice. Second, the defendant argues that actual notice does not address the purpose of the notice provision in § 8-67 because the language of the statute is unambiguous. We agree with the court's conclusion that the plaintiff did not comply with the notice provision of the statute and that summary judgment, therefore, was properly rendered because there was no genuine issue of material fact regarding his noncompliance.

The plaintiff asserts two arguments to support his position. He first argues that compliance with the statute is not an essential element of the cause of action and, second, that actual notice is a valid exception to the notice requirement. In *White* v. *Edmonds*, 38 Conn. App. 175, 183, 659 A.2d 748 (1995), this court held that compliance with the notice provision of § 8-67 is not essential to a determination of liability, but concerns only whether the plaintiff has taken the proper steps to warrant recovery. As such, the notice provision of § 8-67 operates as a condition subsequent to liability rather than a condition precedent. Id., 183–84. A notice provision is a condition precedent when the statute containing the notice provision creates a new cause of action unrecognized by the common law. Id., 185. Section 8-67 did not create liability where none existed. Id. Rather, it provides procedural limitations on the ability to recover on a cause of action already available. Id. Indeed, "[a] written notice is not a condition precedent to the bringing of the action but is a limitation creating a condition subsequent." *Harris* v. *Housing Authority*, 21 Conn. Sup. 132, 133, 146 A.2d 418 (1958). Compliance with the statute is a condition subsequent such that noncompliance, when specially pleaded, "concerns only whether the plaintiff has taken the proper

steps to warrant recovery." *White* v. *Edmonds*, supra, 183. Thus, because the defendant specially pleaded that the plaintiff had not complied with the statute,[3] the plaintiff is barred from recovering.

The plaintiff also claims that the conversations with Baldino plus the correspondence from the insurance company constituted *actual notice* and that actual notice is sufficient to satisfy the statute. We disagree.

Our analysis of the plaintiff's claim is guided by well established principles of statutory construction. "Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Gonsalves* v. *West Haven*, 232 Conn. 17, 21, 653 A.2d 156 (1995). Here, the plaintiff claims that the court, in granting the motion for summary judgment, improperly construed the statute narrowly and strictly.

Because the plaintiff's notice did not comply with the requirements of § 8-67, there was no genuine issue of material fact, and summary judgment in the defendant's favor was warranted as a matter of law. The legislative history of § 8-67 is instructive. The notice statute originally was enacted to bring notice obligations for housing authorities in line with those for municipalities generally. 6 S. Proc., Pt. 4, 1955 Sess., pp. 1044–45.[4] The

---

[3] Moreover, the plaintiff does not dispute that he did not comply with the statute.

[4] "[T]his bill concerns itself with the notification to local housing authorities to be given by any one injured, to self or property, within the jurisdiction of the housing authorities. It stipulates that notice should be given within 60 days after the injury or within ten days if the injury is due to snow or ice. This brings legislation in line with the same type of notice required be

statute then was repealed in 1959, eliminating the need for any notice to be given and putting housing authorities on equal footing with private landlords. 8 H.R. Proc., Pt. 10, 1959 Sess., pp. 4080–81.[5] It is apparent from the discussions surrounding the repeal of the statute that numerous claimants had failed to comply with the statute, resulting in the claimants inundating the legislature with requests for validating acts.[6]

The statute was reenacted, however, in 1983, with the intent of reestablishing a statutory limitation period and requiring written notice of the claimant's intent to bring an action and of the time and place of the injuries. The notice was to be provided to the chairman or secretary of the housing authority because, in the absence of notice, housing authorities were frequently unaware of claims until months or years after the injuries had occurred. 26 H.R. Proc., Pt. 24, 1983 Sess., p. 8304.[7] They were thus not able to investigate the matter or to put their insurers on notice in a timely way.

The legislature is presumed to be aware of the judicial construction of relevant legislation. *Nationwide Ins. Co.* v. *Gode*, 187 Conn. 386, 395 n.7, 446 A.2d 1059 (1982), overruled in part on other grounds, *Covenant Ins. Co.* v. *Coon*, 220 Conn. 30, 36 n.6, 594 A.2d 977 (1991).

given to municipalities." 6 S. Proc., supra, pp. 1044–45, remarks of Senator Arthur H. Healey.

[5] "[A housing authority] should be in the same category as a private landlord." 8 H.R. Proc., supra, p. 4083, remarks of Representative Raymond C. Lyddy.

[6] "[P]eople don't know of the requirements and they have to come in here for all sorts of validating acts. This we feel would do away with the necessity for these validating acts." 8 H.R. Proc., supra, p. 4083, remarks of Representative Raymond C. Lyddy.

[7] "This bill would require any damage suit against the Housing Authority to be brought within two years after the event which gave rise to it. It would also require the written notice of intent to bring action, and of the time and place where damages were incurred or sustained, be filed with the Chairman of the Secretary of the Authority within six months after the cause." 26 H.R. Proc., supra, p. 8304, remarks of Representative Paul J. Garavel.

Thus, the legislature was aware from the prior judicial decisions that persons could be injured on housing authority property and be denied recovery for failing to provide the statutory notice. The plaintiff's position would make the notice provision meaningless if somehow an employee of the insurance carrier is put on notice of a suit.[8]

We hold that just as a municipal employee cannot waive notice on behalf of the municipality; *Nicholaus* v. *Bridgeport*, 117 Conn. 398, 401–402, 167 A. 826 (1933); neither can an employee of a housing authority or its insurance carrier waive the notification to the housing authority that is required by § 8-67.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] We also note that in the context of our Workers' Compensation Act, General Statutes § 31-275 et seq., this court has held that "notice to the insurance company, which had no right of action to protect, was held to be insufficient under" General Statutes § 31-293 (a). *Reichert* v. *Sheridan*, 34 Conn. App. 521, 525–26, 642 A.2d 51 (1994), aff'd, 233 Conn. 251, 658 A.2d 96 (1995).