[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OLD COLONY BEACH CLUB ASSOCIATION'S MOTION TO DISMISS
Counts one (§ 13a-149) and two (nuisance) represent claims against the defendant municipality under § 13a-149 of the General Statutes. The defendant Old Colony Beach Club Association was specifically chartered as a municipal corporation by the General Assembly in 1935. The defendant has moved to dismiss these counts on the grounds that the court lacks subject matter jurisdiction because of failure to give notice as specified in the statute within the 90-day period the statute provides for. A letter was sent to the president of the defendant beach association on August 11, 1999. It provided the "cause of the injury" — bicycle hit loose rock on road — and "location of injury." But the letter did not say the child was injured let alone describe the nature of any injury. Furthermore, the letter does not refer to the date of the injury.
The defendant sent notice of the claim letter to its insurance agent who in turn filed a form with the carrier which indicated the date of injury — July 6, 1999. Still within the 90-day period, the plaintiff sent a letter to the insurance carrier which again identified the date of injury and gave a general description of the injuries by attaching to the correspondence a copy of a "discharge summary" from the hospital that treated the injured child.
First, it should be noted that the "Notice" provided to the defendant through the August letter is inadequate under the statute. As indicated, it does not disclose the date of injury, the fact of injury or describe the injury. The plaintiff cannot seriously contest and the If court will not cite to the numerous appellate authorities to the effect that if this is all the notice the defendant received, § 13a-149 has not been complied with. Just because § 13a-149 has a savings clause, unlike § 13a-144, which authorizes suits against the state for defective highways, that cannot mean that the actual notice provisions of §13a-149 must be so liberally construed as to remove their requirements. Section 13a-149 and its savings clause talk about "an inaccuracy in describing the injury or in stating the time, place or cause of its CT Page 13840 occurrence." It cannot be used to save a notice that reflects a complete absence of notice as to one or more of the statutory notice elements, seeMartin v. Plainville, 240 Conn. 105, 113 (1997).
But the plaintiff claims that within the 90-day period all the requisite information, absent in the August letter, was, in fact, sent to the defendant's insurer at the direction of the defendant.
This court wrote Martinez v. City of Meriden, 1995 WL 670093, which given the foregoing facts can be said to bar the granting of the motion. However, a recent appellate court case must be analyzed. Fields v.Housing Authority, 63 Conn. App. 617 (2001). The trial court granted summary judgment for the defendant for failure to comply with the notice provision set forth in § 8-67 of the General Statutes. That statute provides that a person injured on housing authority property can bring an action within two years after the cause of action arose "provided written notice of the intention to commence such action and of the time and place where the damages were incurred or sustained has been filed with the chairman or the secretary of the authority within six months after the cause of action arose." In Fields, the Appellate Court held that the plaintiff's notification of a housing authority employee and his correspondence with the housing authority's insurance carrier were not sufficient to satisfy the statutory requirements as to notice and those requirements cannot be waived by housing authority employees or by its insurance carrier.
The Fields court directly analogized its interpretation of the notice requirements of § 8-67 to those of § 13a-149 and, in fact, cited a case under a predecessor statute to § 13a-149 for a principal important to the resolution of this case. The court cited Nicholas v.Bridgeport, 117 Conn. 398 (1917), where a town employee was informed orally of all the notice prerequisites for suit under the defective highway statute by the plaintiff who was not proficient in the English language. This employee prepared an inadequate written notice which the plaintiff signed and the court said that suit could not go forward because of failure to comply with the written notice provision of the statute as to all of the requirements of notice. The Fields court cited this case at page 624 and said . . . "just as a municipal employee cannot waive notice on behalf of the municipality. . . . Neither can an employee of a housing authority or its insurance carrier waive the notification to the housing authority that is required by § 8-67."
Although the Fields case does not appear to be factually explicit on this question the court will accept the plaintiff's construction of the case that, in fact, the necessary written notice required under § 8-67
was not given to city or insurance carrier and the case only turned on CT Page 13841 whether actual notice as to both or either could be a substitute for written notice.
But frankly what is implicit in Fields leads this court to believe its approach in Martinez was incorrect. That is, Fields, as a predicate to its whole discussion, assumed that written notice to the chairman or secretary of the housing authority was required for the action to continue to be viable — that is why in lieu of such notice having been given it had to analyze whether "actual notice" by way of oral notice to housing authority employees or waiver of this requirement by the defendant's insurance carrier could be a substitute for the written notice requirement of the statute.
In this case, the August letter to the defendant clearly did not provide adequate written notice of all the statutorily referred to factors in § 13a-149. The correspondence with the defendant's insurance carrier, although it provided the notice items absent in the August letter — date, nature of injury — it was not written notice sent by the plaintiff to the appropriate municipal officials. Therefore, this added information contained in the correspondence to the carrier can be considered as appropriate notice under the statute, § 13a-149
either by an argument that (1) notice to the carrier was in effect "actual notice" to the defendant on the theory that such notice to a carrier accomplishes everything that the legislature could have wished by requiring the notice that it did under § 13a-149 — basically, the Martinez position which Fields rejected in an analysis of a statute, § 8-67, which it analogized to § 13a-149;[1] or (2) the plaintiff was directed by an employee of the defendant to contact the insurance carrier with the information which was not included in the August letter but was necessary for a finding of notice. But Nicholas v.Bridgeport, supra, as we have seen does not permit this estoppel argument against a municipality.
This is a harsh result and difficult to accept especially in light of the fact that there is no hearing mechanism provided where, for example, the plaintiff in a situation such as this would have the burden of showing (1) that actual notice was provided; and (2) the provision of actual notice did not in any way harm the interests of the municipality. That allocation of burdens of proof would seem to protect any justifiable interest a municipality would have in protecting the integrity and purposes of the notice requirements under statutes of this type. But neither statute or case law provide for such a solution so despite its prior ruling in Martinez the court feels constrained by the necessary implications of appellate authority to grant the motion to dismiss the § 13a-149 claim set forth in Count one. CT Page 13842
The nuisance count must also be dismissed in light of the explicit ruling of the court in Sanzone v. Board of Police Commissioners,219 Conn. 179, 192 (1991).
Corradino, J.