[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sheryl Whitcomb, alleges that she was injured due to the negligence of the defendants, Rural Homes, Ltd., and the Brooklyn housing authority. Whitcomb lives in an apartment located at 29 Tiffany Place in Brooklyn, Connecticut. The Brooklyn housing authority owns the property at 29 Tiffany Place, and Rural Homes, Ltd., manages and maintains the property. Whitcomb alleges that she sustained injuries when she slipped and fell on the steps and walkway leading to the entrance of her apartment. According to Whitcomb, the defendants allowed the steps and CT Page 16078 walkway to accumulate ice and snow, which resulted in an unreasonably dangerous, unsafe and hazardous condition.
Whitcomb alleges that the defendants were negligent because they knew or should have known of the condition of the steps and walkway. Whitcomb further alleges that the defendants failed to remove the ice and snow, failed to warn others about the unsafe condition, failed to place salt, sand or other remedial substance on the ice and snow, and failed to inspect the premises for dangerous conditions. Whitcomb also alleges that the defendants were negligent for hiring and retaining employees who were not qualified to maintain the premises in a safe condition. Whitcomb claims that she sustained injuries to her cervical thoracic and lumbar spine as well as to her right elbow, right knee, hip, neck and shoulders as a result of slipping and falling on the ice and snow outside her apartment.
The defendants denied the allegations in the complaint and asserted special defenses against Whitcomb. The first special defense alleges that Whitcomb was negligent for failing to watch where she was stepping, failing to make reasonable use of her own senses and faculties, and failing to step over, away from, or around whatever dangerous conditions she claims existed. The second special defense alleges that Whitcomb failed to provide written notice to the Brooklyn housing authority regarding her intent to commence suit against the defendants. Whitcomb denied the allegation in the first special defense that she was negligent. Although Whitcomb denied the allegation in the second special defense, she does not claim that she provided written notice of her intent to sue the defendants. Rather, she claims that the defendants had actual knowledge of her accident. (Plaintiffs Answer to Special Defenses.)
On August 28, 2001, the defendants filed a motion for summary judgment and a memorandum of law accompanied by supporting affidavits. The defendants move for summary judgment on the ground that there is no genuine issue of material fact because Whitcomb did not serve the Brooklyn housing authority with written notice of her intention to file suit pursuant to General Statutes § 8-67. Whitcomb did not file an objection to the motion for summary judgment.
General Statutes § 8-67 provides: "Any person injured in person or property within boundaries of property owned or controlled by an authority, for which injury such authority is or may be liable, may bring an action within two years after the cause of action therefor arose to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the CT Page 16079 chairman or the secretary of the authority within six months after the cause of action therefor arose."
The Appellate Court has "held that compliance with the notice provision of § 8-67 is not essential to a determination of liability, but concerns only whether the plaintiff has taken the proper steps to warrant recovery. As such, the notice provision of § 8-67 operates as a condition subsequent to liability rather than a condition precedent."Fields v. Housing Authority, 63 Conn. App. 617, 621, 777 A.2d 752, cert. denied, 257 Conn. 910, 782 A.2d 133 (2001). "A notice provision is a condition precedent when the statute containing the notice provision creates a new cause of action unrecognized by the common law. . . . Section 8-67 did not create liability where none existed. . . . Rather, it provides procedural limitations on the ability to recover on a cause of action already available. . . . Indeed, [a] written notice is not a condition precedent to the bringing of the action but is a limitation creating a condition subsequent." (Citations omitted; internal quotation marks omitted.) Id."Compliance with the statute is a condition subsequent such that noncompliance, when specially pleaded, concerns only whether the plaintiff has taken the proper steps to warrant recovery." (Internal quotation marks omitted.) Id., 621-22. Therefore, when the defendant specially pleads that the plaintiff has not complied with the statute, the plaintiff is barred from recovering. Id., 622.
In Fields, the defendant specially pleaded that the plaintiff had not complied with § 8-67 because the plaintiff failed to provide written notice. Id., 621. The plaintiff claimed that conversations with an employee of the housing authority regarding the incident and correspondence with the housing authority's insurance carrier provided actual notice to the defendants. Id., 622. The plaintiff argued that actual notice was sufficient to satisfy the notice requirement in §8-67. Id. The Appellate Court disagreed and held that "lust as a municipal employee cannot waive notice on behalf of the municipality . . . neither can an employee of a housing authority or its insurance carrier waive the notification to the housing authority that is required by § 8-67." (Citation omitted.) Id., 624. The court reasoned that the "plaintiffs position would make the notice provision meaningless if somehow an employee of the insurance carrier is put on notice of a suit." Id. The court affirmed the trial court's granting of the motion for summary judgment "[b]ecause the plaintiffs notice did not comply with the requirements of § 8-67, there was no genuine issue of material fact, and summary judgment in the defendant's favor was warranted as a matter of law." Id., 622.
Similarly, in the present case, the defendants alleged in their second special defense that Whitcomb did not provide written notice to the CT Page 16080 housing authority pursuant to § 8-67. Whitcomb denied the allegations in the second special defense, claiming that the defendants' actual knowledge of the incident was sufficient notice to satisfy § 8-67. Following the reasoning of the Appellate Court in Fields v. HousingAuthority, supra. 63 Conn. App. 617, the court concludes that actual notice does not comply with the requirements of General Statutes §8-67.
The defendants aver in their supporting affidavits that written notice of Whitcomb's intention to commence suit was not provided to the housing authority within six months of the incident as required by § 8-67. (Defendants' Brief, Exhibits A and B.) Whitcomb did not object to the motion for sunrmary judgment, nor did she file any opposing affidavits or other evidence showing that there is a genuine issue of material fact regarding her compliance with § 8-67. Accordingly, the court finds that there is no genuine issue of material fact because Whitcomb did not provide written notice of her intention to commence suit pursuant to § 8-67. The court grants the defendants' motion for summary judgment.
Foley, J.