******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DELORES WALKER *v.* HOUSING AUTHORITY OF
THE CITY OF BRIDGEPORT
(AC 34096)

Beach, Keller and Harper, Js.

*Argued September 18, 2013—officially released March 11, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Levin, J.)

*James G. O'Rourke*, for the appellant (plaintiff).

*Garrett F. O'Keefe*, for the appellee (defendant).

*Opinion*

HARPER, J. The plaintiff, Delores Walker, appeals from the summary judgment rendered in favor of the defendant, the Housing Authority of the City of Bridgeport, on the ground that the plaintiff did not comply with the notice requirements of General Statutes § 8-67. On appeal, the plaintiff claims that the trial court erred by: (1) deciding issues of material fact; (2) concluding that the plaintiff did not provide adequate notice as a matter of law according to § 8-67; and (3) finding that the defendant could not delegate, pursuant to General Statutes § 8-41 (a), the authority to receive notice under § 8-67. We affirm the trial court's summary judgment in favor of the defendant.

The plaintiff's cause of action is based on an injury she sustained on January 15, 2009, while on the defendant's property. The plaintiff commenced her action on October 7, 2010. The defendant filed an amended answer and special defenses, asserting, inter alia, that the plaintiff's claim was barred because she failed to provide proper notice pursuant to § 8-67. Entitled "Injury on housing authority property," § 8-67 provides that any person injured on "property owned or controlled by [a housing] authority . . . may bring an action . . . to recover damages from such authority, provided written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the chairman or the secretary of the authority within six months after the cause of action therefor arose." The defendant moved for summary judgment asserting that it did not receive proper notice pursuant to the statute.

The parties submitted memoranda and the court held a hearing on the motion. The defendant attached several exhibits to its memorandum of law in support of its motion for summary judgment. One exhibit was a letter from the plaintiff to the defendant, which the plaintiff claimed provided the requisite notice under § 8-67. The letter was dated February 12, 2009. The envelope containing the letter was addressed to "Bridgeport Housing Authority," and the salutation read, "To Whom It May Concern." The contents of the letter identified the plaintiff, provided when and where she was injured on the defendant's property, and stated that she intended to commence an action to recover for her injuries.

The defendant also provided the court with two affidavits, one from its executive director, Nicholas Calace, and one from its chief of security, Rafael M. Villegas. Calace's affidavit stated that, at the time the plaintiff sustained her injury, he was the secretary of the defendant's board and Kathleen Vila[1] was the voluntary chairman. The affidavit described that the plaintiff's letter was not addressed to Calace or Vila, either personally

or in their official capacity. Calace also affirmed that it was the defendant's policy that "Vila would not receive any mail sent to the [defendant] that was not specifically addressed to her." The affidavit went on to state that Vila is deceased. In Villegas' affidavit, he stated that he never had been delegated the authority to receive notice of claims pursuant to § 8-67. Villegas' affidavit also stated that he received the plaintiff's letter from the defendant's human resources department.

The plaintiff's theory in opposition to summary judgment was that mailing her letter to the defendant constituted sufficient notice under § 8-67. Furthermore, the plaintiff argued that if the letter was insufficient under the statute, the authority to receive notice had been delegated to Villegas pursuant to § 8-41 when Vila fell ill preceding her death, and therefore the plaintiff had satisfied the statutory requirements when Villegas received the letter.[2]

Section 8-41 (a) provides in relevant part: "An authority may delegate any of its powers and duties to one or more of its agents or employees. . . ." The plaintiff primarily relied on two pieces of evidence to support her delegation theory. First, she submitted a document created by the defendant directing that "[u]pon first notice of a New Claim [to] please contact [Villegas] immediately." Villegas reported, however, that this document was an "internal . . . document . . . not [filled] out by plaintiffs as notice of a claim." Second, the plaintiff submitted a letter from Villegas to her attorney that acknowledged receipt of the plaintiff's letter. The plaintiff contends that the Villegas letter was "on letterhead of the office of the [s]ecretary and [c]hairperson," and argues that this is additional evidence of a delegation. Villegas' affidavit stated that the stationary was not the letterhead of either the secretary or the chairperson, but "generic stationary of the [defendant] . . . used by all employees . . . ." The Villegas letter indicates that a copy of the letter was placed in a file, which the plaintiff argues demonstrates that she satisfied the statute.[3] The plaintiff's counsel also provided his own affidavit, which stated: "I caused notice of [the plaintiff's] claim to be mailed to the office of the [c]hairperson and [s]ecretary of the [d]efendant in compliance with . . . § 8-67."

On October 24, 2011, the court granted the defendant's motion for summary judgment. Citing § 8-67, the court found that "there is no question that the notice was not delivered or received either by . . . [Chairman Vila] or [Secretary Calace] . . . ." The court then stated that the plaintiff's delegation theory was "unsubstantiated speculation." Furthermore, the court found that the defendant could not delegate the authority to receive notice. This appeal followed.

"We begin with the applicable standard of review. Practice Book § 17-49 provides that summary judgment

shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact . . . ." (Internal quotation marks omitted.) *Brown & Brown, Inc.* v. *Blumenthal*, 297 Conn. 710, 721, 1 A.3d 21 (2010). "[T]he party moving for summary judgment is held to a strict standard. [The moving party] must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . A material fact is a fact that will make a difference in the result of the case." (Internal quotation marks omitted.) *Vollemans* v. *Wallingford*, 103 Conn. App. 188, 193, 928 A.2d 586 (2007), aff'd, 289 Conn. 57, 956 A.2d 579 (2008). "Because the court's decision on a motion for summary judgment is a legal determination, our review on appeal is plenary." (Internal quotation marks omitted.) *Tuccio Development, Inc.* v. *Neumann*, 111 Conn. App. 588, 593, 960 A.2d 1071 (2008).

"We emphasize the important point, that [a]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact . . . ." (Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 550, 791 A.2d 489 (2002). Furthermore, a nonmoving party's conclusory affidavits alone are insufficient grounds to deny a motion for summary judgment. Id., 557. "We acknowledge that [o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion. . . . A party may not, however, rely on mere speculation or conjecture as to the true nature of the facts to overcome . . . summary judgment." (Citation omitted; internal quotation marks omitted.) Id., 558.[4]

I

The plaintiff claims that the court erred in granting the defendant's motion for summary judgment because it "sat as the final trier of fact rather than leaving genuine issues of material fact regarding sufficient notice for the jury." In support of this claim, the plaintiff argues that the affidavit of her counsel, James O'Rourke, cre-

ated a genuine issue of material fact that the court resolved.[5] The plaintiff also claims that the fact that Vila died and could not testify as to whether she received the letter creates a genuine issue of material fact that precluded summary judgment. We disagree with both claims, and therefore conclude that the court did not decide issues of material fact.

The affidavit in question does not create a genuine issue of material fact that would preclude summary judgment. The outcome of the defendant's motion for summary judgment depended on whether the defendant's secretary or chairperson received the plaintiff's letter. See General Statutes § 8-67. The O'Rourke affidavit states that he "caused [n]otice of [the plaintiff's] claim to be mailed to the office of the [c]hairperson and [s]ecretary of the [d]efendant in compliance with . . . § 8-67."[6] This statement does not create a genuine issue of material fact regarding where the notice was sent, to whom it was addressed, or whether the chairman or secretary received it. The affidavit does not dispute the fact that the letter's salutation read, "To Whom It May Concern," and does not create a genuine issue of material fact regarding the defendant's policy to send letters to Vila only if specifically addressed to her. Furthermore, the statement that the notice was "in compliance" with the statute is a bare legal conclusion, not a fact. In sum, the O'Rourke affidavit does not create a genuine issue of material fact that would preclude summary judgment.

Vila's inability to testify as to whether she received notice also does not create a genuine issue of material fact that would preclude summary judgment. The plaintiff specifically argues that it was erroneous for the court to conclude that notice was not filed properly "as [Vila] is deceased and is not available to testify as to the truth of the matter asserted in the [a]ffidavit of . . . Calace." Although the plaintiff's argument seems to be that Calace's affidavit constitutes hearsay, she does not indicate which statement in particular is offered for the truth of the matter asserted. See Conn. Code Evid. § 8-1 (3). On the basis of her argument, we assume that the plaintiff takes issue with this statement in Calace's affidavit: "As such, to the best of my information and belief, as well as in accordance with [the defendant's] policy, Ms. Vila did not receive a copy of the plaintiff's letter." The plaintiff's argument appears to be that because Vila cannot testify as to whether she received the notice and Calace's affidavit constitutes hearsay, this creates a genuine issue of material fact that can only be resolved at trial. We disagree because Calace's statement does not constitute hearsay and Vila's inability to testify does not create a genuine issue of material fact.

" 'Hearsay' means a statement, other than one made by the declarant while testifying at the proceeding,

offered in evidence to establish the truth of the matter asserted." Conn. Code Evid. § 8-1 (3). Hearsay is generally inadmissible; see Conn. Code Evid. § 8-2; and therefore when deciding a motion for summary judgment a court may not consider material that would be hearsay at trial. *Wooten* v. *Heisler*, 82 Conn. App. 815, 819, 847 A.2d 1040 (2004). In his affidavit, Calace qualified the statement at issue by cautioning that it was based on "the best of my information and belief . . . ." This caveat indicates that Calace is not repeating a statement Vila made. Calace's affidavit only states that he has no personal knowledge that Vila received the plaintiff's letter, and acknowledges the defendant's policy that Vila would not receive mail unless it was specifically addressed to her. The statement at issue, although offered for its truth, is not one made by someone other than the declarant, Calace, and therefore the court properly considered it for purposes of summary judgment.

We also conclude that Vila's inability to testify does not create a genuine issue of material fact that would preclude summary judgment. To avoid summary judgment, the plaintiff was required to demonstrate a genuine issue of material fact through evidence that either Vila or Calace received the plaintiff's letter. See *Buell Industries, Inc.* v. *Greater New York Mutual Insurance Co.*, supra, 259 Conn. 550. Calace's affidavit states that it was the defendant's policy not to send Vila mail unless it was specifically addressed to her. The plaintiff did not provide evidence rebutting this statement, which would have created a genuine issue of material fact as to whether Vila received the letter. In other words, the plaintiff did not provide any evidence that, despite the policy, Vila did receive the plaintiff's letter even though it was not specifically addressed to her.

The fact that Vila cannot testify does not excuse the plaintiff's failure to offer evidence regarding whether Vila received the letter sufficient to create a genuine issue of material fact. We acknowledge that Vila's inability to testify is a limitation on what evidence was at the plaintiff's disposal to demonstrate the existence of a genuine issue of material fact. The plaintiff, however, still had the ability to provide other evidence from different sources, such as other employees of the defendant or Vila acquaintances. Although the court will draw all reasonable inferences in favor of the party opposing summary judgment; id., 558; the plaintiff did not present any evidence to warrant a reasonable inference in her favor. The plaintiff presented no genuine issues of material fact in opposition to the defendant's motion for summary judgment, and therefore the plaintiff's claim fails.

## II

The plaintiff also claims that the court erred in concluding that as a matter of law notice had not been filed with the defendant's chairman or secretary pursuant to

§ 8-67.[7] The plaintiff's evidence in support of this claim is the Villegas letter to O'Rourke confirming receipt of her letter. The plaintiff argues that Villegas' letter acknowledging that the defendant received the plaintiff's letter and indicating that a copy of the letter was placed in a "file" satisfies the notice requirement of § 8-67. We conclude that it does not as a matter of law.

Section 8-67 requires notice of an action against a housing authority to be "filed with the chairman or the secretary of the defendant within six months after the cause of action therefor arose." The issue before us is whether mailing a letter to the defendant addressed "To Whom It May Concern" is properly "filed" with the chairman or the secretary for purposes of § 8-67, if the plaintiff has not presented any evidence to demonstrate that either the chairman or the secretary received the letter.

Our prior interpretation of § 8-67 guides our analysis. See *Hummel* v. *Marten Transport, Ltd.*, 282 Conn. 477, 501, 923 A.2d 657 (2007) ("[t]here is nothing in the legislative history to suggest that the legislature . . . intended to overrule every other case in which our courts, prior to the passage of [General Statutes] § 1-2z, had interpreted a statute in a manner inconsistent with the plain meaning rule"). In *Fields* v. *Housing Authority*, 63 Conn. App. 617, 624, 777 A.2d 752, cert. denied, 257 Conn. 910, 782 A.2d 133 (2001), we concluded that notice provided to housing authority employees or an insurance carrier, but not to the chairman or secretary themselves, did not satisfy the notice requirement in § 8-67. It is insufficient to provide notice only to a housing authority employee because the statute requires that either the chairman or secretary personally acknowledge receipt of the notice. See id. (employee of housing authority cannot waive required notification). We recognized in *Fields*, and still acknowledge, that this notice requirement can lead to harsh results, yet "the legislature was aware from . . . prior judicial decisions that persons could be injured on housing authority property and be denied recovery for failing to provide the statutory notice." Id. Modifying this notice requirement is a matter for the legislature, not the courts. See *Struckman* v. *Burns*, 205 Conn. 542, 558, 534 A.2d 888 (1987) ("matter for the legislature, not this court, to determine when our state's sovereign immunity should be waived"). Because the plaintiff "seeks the benefit of a statute requiring a prescribed form of notice to trigger its operation, we . . . [insist] upon strict compliance with the statutory requirement." *Pacelli Bros. Transportation, Inc.* v. *Pacelli*, 189 Conn. 401, 414, 456 A.2d 325 (1983). Strict compliance with § 8-67 requires that either the chairman or secretary receive notice.

The plaintiff has not submitted evidence to show that either Vila or Calace personally received her letter. The

evidence submitted in conjunction with the motion for summary judgment established that the plaintiff mailed the letter to the defendant, but did not address it to either the chairman or the secretary. Evidence was submitted to show that, pursuant to the defendant's policy, the notice would not have been given to Vila unless it was specifically addressed to her, which it was not. Absent evidence to the contrary, it is not reasonable to assume that this policy was not followed. Villegas' letter and affidavit tend to show that he received the plaintiff's letter from the defendant's human resources department and forwarded it to the defendant's insurance carrier.[8] The plaintiff has not offered any evidence to show that the letter was received by either the chairman or the secretary within the requisite time frame. Pursuant to *Fields*, we conclude that the plaintiff did not provide the requisite notice as a matter of law.[9]

### III

Finally, the plaintiff argues that the court erred in granting the defendant's motion for summary judgment because the court incorrectly concluded that the defendant could not delegate, pursuant to § 8-41, the authority to receive notice under § 8-67 as a matter of law. We disagree.

In her first memorandum of law opposing summary judgment, the plaintiff argued: "There is also a question of fact as to whether [Villegas] had been delegated the power and duty of the [c]hairperson and/or the [s]ecretary under . . . § 8-41 to accept first notice of [n]ew liability [c]laims and to handle claims on behalf of the [c]hairperson and/or [s]ecretary." Section 8-41 details, inter alia, the appointment of housing authority commissioners. The plaintiff relies on one provision in § 8-41, which provides: "An authority may delegate any of its powers and duties to one or more of its agents or employees." The plaintiff claims that the defendant's internal policy to bring all claims to Villegas and the letterhead Villegas used to respond to the plaintiff's letter are evidence of a delegation. We conclude that § 8-41 (a) is irrelevant to whether the defendant received notice pursuant to § 8-67.

Section 8-67 sets forth the method by which a plaintiff is to provide notice of a claim to a housing authority. Section 8-67 does not provide the housing authority with any powers or impose any duties. The portion of § 8-41 upon which the plaintiff relies, regarding the defendant's ability to delegate powers and duties, is therefore irrelevant to § 8-67. We conclude that the court did not err in finding that the defendant could not delegate the authority to receive notice.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff refers to Vila as "Kathleen Villa" in her brief. The defendant's stationary indicates that the correct spelling is Vila.

[2] We note that neither party presented exhibits regarding the circum-

stances surrounding Vila's death. The plaintiff fully presented her theory for the first time during the hearing on the motion for summary judgment. Nothing in the plaintiff's memoranda of law opposing the motion, or the exhibits attached thereto, offers any evidence regarding the circumstances of Vila's death. The assertion that she was ill for some period of time before her death appears to be pure speculation. Even so, the court appears to have entertained this theory when considering the motion for summary judgment.

[3] Villegas' letter indicates that he sent a copy of it to the plaintiff, two insurance companies, the defendant's director of asset management, and "file."

[4] The plaintiff claims that the court used an "improper standard" for summary judgment by requiring that she present evidence to support her argument that there is a genuine issue of material fact. Although it is true that the moving party has the burden of showing there are no genuine issues of material fact; *Brown & Brown, Inc.* v. *Blumenthal*, supra, 297 Conn. 721; in order to refute this showing, the nonmoving party cannot rely on bare assertions, and has the burden of coming forward with evidence. See *Buell Industries, Inc.* v. *Greater New York Mutual Insurance Co.*, supra, 259 Conn. 550. We conclude that the plaintiff's argument has no merit and the court applied the proper standard.

[5] The plaintiff's claim has two parts. First, the plaintiff claims that the court failed to consider the O'Rouke affidavit and the plaintiff's second memorandum opposing the motion for summary judgment. Second, the plaintiff claims that these materials, if considered, create a genuine issue of material fact that rendered summary judgment inappropriate. The plaintiff moved for an articulation of the court's summary judgment order, and the court articulated that it "probably did not rely on the plaintiff's [second memorandum] . . . nor the affidavit" when ordering summary judgment. The court stated that it did, however, review these materials before denying the plaintiff's motion to reargue.

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court." (Internal quotation marks omitted.) *JPMorgan Chase Bank, N.A.* v. *Eldon*, 144 Conn. App. 260, 277, 73 A.3d 757, cert. denied, 310 Conn. 935, 79 A.3d 889 (2013). The plaintiff did not challenge the court's denial of her motion to reargue either in her brief or at oral argument before this court, and therefore it is uncontested that the affidavit and memorandum do not present any additional facts or controlling law. See id.; *Harris* v. *Bradley Memorial Hospital & Health Center, Inc.*, 306 Conn. 304, 319, 50 A.3d 841 (2012), cert. denied,      U.S.     , 133 S. Ct. 1809, 185 L. Ed. 2d 812 (2013). This leads to the conclusion that the trial court considered the effect of the facts and arguments in these materials in ruling on the motion for summary judgment, and therefore the only issue on appeal is whether the facts and arguments presented create a genuine issue of material fact, and if so, whether the court decided that issue.

[6] The other statements in the O'Rourke affidavit are as follows: "1. I am over the age of (18) years and understand the obligations of an oath. 2. I am the attorney of record for [the plaintiff]. . . . 4. The Notice was received by Rafael Villegas, Chief of Security, Bridgeport Housing Authority, of the Office of the Secretary and Chairperson, on February 18, 2009."

[7] We note that the plaintiff's appellate brief does not address this claim with the same depth as does her memoranda opposing summary judgment. Although the plaintiff only alluded to this claim in her brief, the analysis was sufficient to warrant appellate review. Cf. *Connecticut Light & Power Co.* v. *Gilmore*, 289 Conn. 88, 124 n.24, 956 A.2d 1145 (2008).

[8] The fact that Villegas may have placed a copy of the letter he wrote—not the plaintiff's letter—in an unspecified "file" is inapposite. The plaintiff argued that her letter constituted sufficient notice under the statute because it was filed with the chairman or secretary. She did not argue that the Villegas letter was the operative notice. The circumstances surrounding the Villegas letter, including where it was filed, are therefore irrelevant to the plaintiff's claim. Even if, arguendo, the plaintiff had claimed that the Villegas letter was the operative notice, that argument would fail because the Villegas letter does not state the time the injury occurred, as required by the statute. See General Statutes § 8-67.

[9] The plaintiff attempts to distinguish *Fields* on the ground that the plaintiff in *Fields* did not provide written notice. Although the plaintiff in *Fields* informed the housing authority employees via telephone and in person, his

attorney also provided written notice to the housing authority's insurance carrier. *Fields* v. *Housing Authority*, supra, 63 Conn. App. 619. These facts do not affect the weight that we afford the holding in *Fields*.

———————————————————